Argued and submitted June 15, 1987, affirmed February 24, reconsideration denied May 6, petition for review denied June 7, 1988 (306 Or 79)

In the Matter of the Marriage of

## LOCKARD,
*Respondent,*

*and*

## LOCKARD,
*Appellant.*

(15-85-08944; CA A42053)

750 P2d 522

Clayton C. Patrick, Salem, argued the cause and filed the briefs for appellant.

John Urness, Springfield, argued the cause for respondent. On the brief was Kenneth B. Woodrich, Springfield, and Thorp, Dennett, Purdy, Golden & Jewett, P.C., Springfield.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband and wife were married for 26 years. In October, 1985, wife petitioned for dissolution. On December 3, 1985, the court ordered that husband pay wife $950 per month temporary spousal support *pendente lite*. After extensive discovery, the matter was set for trial on July 21, 1986. At that time, the parties announced in open court that they had reached a settlement and recited its terms. It covered the division and delivery of tangible personal property and bank accounts, life and health insurance and retirement benefits. It provided $800 per month permanent spousal support to wife beginning August 1, 1986, and it gave her the family home, subject to husband's $15,000 lien, which wife was to pay without interest within five years.

After a discussion regarding enforcement of husband's lien in the event of default, the court stated:

"I would take it, then, that there is no question but that it is the intent of the parties at the present time that $15,000 lien would be paid within five years?

"[Wife's Counsel]: That's correct, your Honor.

"[Court]: But [if] any enforce[ment] actions may be taken, that it will depend upon the rights of that action as it exists at that time and if attorneys' fees are permitted, it would only be if there is either a statute or some other reason that could be afforded at that time. Is that how the parties understand?

"[Wife's Counsel]: That is my understanding. That has always been my understanding, your Honor.

"[Husband's Counsel]: Yes, your Honor."

After further discussion on other matters, the following exchange occurred:

"[Court]: Mrs. Lockard, I take it that you agree with this settlement?

"[Wife]: Yes.

"[Court]: And that as far as you are concerned, it is a fair, equitable distribution of the property, for you, at least, under the circumstances that exist?

"[Wife]: Yes.

"[Court]: Mr. Lockard, I take it that you agree to this distribution?

"[Husband]: Yes.

"[Court]:   And you again, I take it that you feel that under the circumstances, at least, it is fair and equitable for the parties?

"[Husband]:   Yes.

"[Court]:   Fine. Then the Court will accept that."

Wife's attorney prepared the judgment and presented it to husband's attorney for "approval as to form." Husband directed his attorney not to approve it. He then moved for a trial, urging in an affidavit that the settlement was incomplete and indefinite.[1] The court heard and denied the motion. Husband then moved for reconsideration and requested oral argument and a hearing. His supporting affidavit stated that he believed that the settlement was unfair, that at the time he was "completely stressed out" and had not "calmly consider[ed] the implications" of the settlement and that, "by the court approving that portion of the settlement agreement which requires a re-examination of permanent spousal support after I retire, expensive, time consuming, acrimonious and wasteful litigation will be provoked." Without oral argument or a hearing, the court denied the motion and, in an opinion letter, clarified the issues that husband felt were left unresolved.[2] Wife's attorney then prepared a judgment in

---

[1] In his supporting affidavit, husband stated that these matters were left unresolved by the "partial settlement":

"1. The time and method of the delivery of personal property to me;

"2. The terms, enforceability and nature of the lien on the family residence;

"3. The setting up of an escrow for the payment of the lien;

"4. Ownership of family records, pictures and slides; and

"5. The tasteful and economical listing of the disposition [of] personal property."

In addition, husband argued that a trial was necessary because he was likely to retire much earlier than expected, an event which the parties had stipulated would allow a hearing to reconsider permanent spousal support.

[2] The court's letter opinion stated, in part:

"I have reviewed the affidavits and materials submitted and concluded that the Motion to Reconsider is denied and the proposed Decree with some modification is to be accepted and signed:

"My conclusion is based on the following:

"(1)  The settlement is a fair and equitable determination of the rights of the parties including the division of assets and the support of the Petitioner.

"(2)  The matters raised by Respondent fall into three categories: (a) particulars that are easily resolved; (b) claims that are an expectation in the future and would not be resolved were a trial to be held; and (c) complaints that would have

accordance with the court's clarification. The court entered it, and husband appeals. We affirm.

Husband assigns as error that the court denied his motion for a trial. He argues that the settlement was incomplete and indefinite and, because it was not reduced to writing, has no effect. He cites as evidence the parties' inability to agree about specific provisions and wife's repudiation of the reduction in spousal support.

■ When parties stipulate to a property division in open court and orally consent to its terms, the stipulation binds them if it is sufficiently definite to allow the court to ascertain the parties' intent. *Schoren v. Schoren,* 110 Or 272, 214 P 885, 222 P 109 (1924). The court may then enter a judgment based on the settlement, if it conforms to the terms of the settlement and is fair.

■ The settlement here was sufficiently definite to bind husband. Moreover, contrary to husband's assertion, the court's opinion letter did not modify or add terms to the agreement. Rather, the court gave effect to the agreement of the parties and simply clarified matters that were insubstantial or immaterial. Husband's only concern of substance was that he receive attorney fees in the event of default and execution on his lien, and he wanted an escrow account for payment. At the

---

little relevancy in any ultimate determination.

"As to the (a) matters above: For the time and method of delivery of personal property, such delivery (or pickup) shall be within 20 days of the date of the decree and shall be accomplished by advance notice to Respondent as to the place. Petitioner shall take all reasonable steps to safeguard the property until Repondent takes possession.

"The terms of the liens were set forth in the settlement and discussed in some detail. The lien of $15,000 is to be fully paid within five years. Any expense of enforcement would be dependent upon the law at such time. The Petitioner would not be liable for attorney fees as part of the settlement if enforcement became necessary. However, if statutory law provided for such recovery at that time, then the existing law at that time would be followed.

"Escrow seems entirely superfluous and an unnecessary expense with no additional protection to either party.

"Family records, pictures and slides were discussed in the settlement and copies were to be made where requested with the expense to be paid equally by the parties. It would be equitable as to 'originals' that each party select one-half, alternating as to their choice.

"Listing of certain personal property can be done with specifically settling [sic] forth titles, thereby accomplishing the 'tasteful and economical' listing of such property."

time of the stipulation in open court, however, his attorney did not mention escrow. Indeed, he stated, "I think it's the parties' intent that the funds be paid without any further actions on either party's part." The court did not err when it concluded that the attorney fee issue was settled and that an escrow account would be a "superfluous and unnecessary expense with no additional protection to either party." Its judgment, therefore, conformed to the settlement.

■ Husband also argues that wife repudiated the settlement on September 3, 1986, when she demanded $950 per month temporary support for August and September, 1986. We disagree. Pending entry of the judgment, the temporary support order remained in effect, even though the parties had agreed to permanent spousal support of $800 per month beginning August 1, 1986. *See Warren and Warren,* 31 Or App 213, 218, 570 P2d 104 (1977). Husband's refusal to approve the judgment was the cause of the delay in entry of the judgment after August 1. Wife was entitled to temporary support until the court entered the judgment.

■ Husband next assigns as error that the court denied his request for oral argument and a hearing on his motion to reconsider. Without citing any authority, he asserts that the court denied him due process. He had already been heard twice, once at the time of the open court stipulation and then on his motion for trial. He agreed in open court to what he then considered to be a fair and equitable settlement. In his later motion for trial, his affidavit stated why be believed that the settlement was incomplete. In addition, his affidavit in support of his motion to reconsider stated the facts that he asserts require the court to reconsider. His only new contention was that at the time of the settlement he was suffering extreme stress and did not fully consent to the agreement. He did not submit any affidavits, other than his own, that addressed his state of mind. It was within the court's discretion to conclude that husband's complaints were insignificant and did not merit more judicial time. He received the process that was due. *See Mathews v. Eldridge,* 424 US 319, 96 S Ct 893, 47 L Ed 2d 18 (1976).

■ Husband also contends that he was entitled to oral argument on his motion to reconsider under UTCR 5.050(1). The applicable version provided, in part:

"There shall be no oral argument unless requested by the moving party in the caption of the motion or by a responding party in the caption of a response."

The official commentary states:

"It is the intent of this rule that oral argument *shall* be held if properly requested in the caption of the motion by the moving or responding party. The rule does not leave an option with the court to grant or deny the request once made." (Emphasis in original.)

Even assuming that, under the rule, the court should have heard oral argument on a motion to reconsider, its failure to do so is not reversible error. Husband had had ample opportunity to present his version of relevant facts. The court had heard the motion for a trial. Husband's affidavits informed the court of his contentions. The lack of oral argument did not prejudice husband.

Husband finally assigns as error that the court did not reconsider the settlement and reject it as unfair. *See Wrona and Wrona,* 66 Or App 690, 694, 674 P2d 1213 (1984). After reviewing the record, the court concluded that the proposed settlement agreement was fair and equitable. We agree.

Affirmed.