In the Matter of the Marriage of

## Alma LOCKARD,
*Respondent,*

*and*

## James Vernon LOCKARD,
*Appellant.*

## STATE ex rel Alma LOCKARD,
*Respondent,*

*v.*

## James Vernon LOCKARD,
*Appellant.*

(15-85-08944; CA A48348)

816 P2d 632

James Vernon Lockard, Eugene, filed the brief *pro se* for appellant.

John C. Urness and Thorp, Dennett, Purdy, Golden & Jewett, Springfield, filed the brief for respondent.

Before Rossman, Presiding Judge, and Riggs and Edmonds, Judges.

ROSSMAN, P. J.

Edmonds, J., dissenting.

## ROSSMAN, P. J.

Husband appeals from a judgment against him for unpaid temporary spousal support pending appeal ordered under ORS 107.105(4). The judgment awarded wife $2,214.71, ordered husband to pay her $25 per month to satisfy that judgment, purged him of contempt for his failure to make timely support payments and ordered him to advise the clerk within three days after any change of residence. We vacate the judgment and remand.

Wife filed a dissolution petition in October, 1985. The dissolution judgment was entered in October, 1986, and husband appealed.[1] In May, 1987, the trial court, pursuant to ORS 107.105(4),[2] ordered husband to pay temporary spousal support during the pendency of the appeal. In March, 1988, after our decision and before the Supreme Court had acted on a petition for review, the parties, through counsel, agreed in open court that husband was in arrears on the temporary spousal support obligation in the amount of $2,214.71. The trial court concluded that husband had "significantly observed" the trial court's orders after earlier having been held in contempt for failing to pay the support. It purged the contempt and entered judgment for the unpaid support. In his first assignment of error, husband argues that the trial court had no authority, statutory or otherwise, to enter a *judgment* for past due temporary spousal support under ORS 107.105(4). He claims that the court's authority to enforce temporary spousal support under that statute is limited to contempt proceedings under ORCP 78. Wife contends that we should not address the merits of husband's assignment,

---

[1] We affirmed that judgment, and the Supreme Court denied review. *Lockard and Lockard,* 89 Or App 640, 750 P2d 522, *rev den* 306 Or 79 (1988).

[2] ORS 107.105(4) provides:

"*If an appeal is taken from a decree of annulment or dissolution of marriage* or of separation or from any part of a decree rendered in pursuance of the provisions of ORS 107.005 to 107.085, 107.095, 107.105, 107.115 to 107.174, 107.405, 107.425, 107.445 to 107.520, 107.540 and 107.610, *the court* making such decree *may provide in a separate order for the temporary* child *or spousal support* or temporary custody and visitation, and attorney fees attributable to such order. The order may be modified at any time by the court making the decree appealed from and may be enforced by contempt proceedings under ORCP 78. The order may provide that the support money be paid in monthly installments and shall provide that the order is to be in effect only during the pendency of the appeal. No appeal lies from any such temporary order." (Emphasis supplied.)

because he consented to entry of the judgment that he now attacks.

■   Husband is correct that ORS 107.105(4) does not provide authority for entry of a judgment, even by consent. During an appeal, the circuit court's authority to provide for spousal support is controlled by ORS 107.105(4), which requires that the court act by an "order" that "shall * * * be in effect only during the pendency of the appeal" and that "may be enforced by contempt proceedings under ORCP 78." There is no statute that gives a court authority to reduce that temporary spousal support to judgment.[3]

■   Nonetheless, husband is not correct that judgment may not be entered for the unpaid support. That could allow the payor to avoid the obligation simply by not paying during the pendency of the appeal.[4] That possibility is foreclosed by the provision that enforcement of support orders under ORS 107.105(4) shall be through contempt proceedings pursuant to ORCP 78. Wife brought such a proceeding here.

ORCP 78 provides, in part:

"B.   *The court or judge thereof may enforce an order* or judgment directing a party to perform a specific act by punishing the party refusing or neglecting to comply therewith, *as for a contempt as provided in ORS 33.010 through 33.150.*

"C.   Section B. of this rule does not apply to an order or judgment for the payment of money, *except* orders and judgments for the payment of sums ordered pursuant to ORS 107.095 and 107.105(1)(i), *and money for support,* maintenance, nurture, education, or attorney fees, *in:*

---

[3] We have already considered this issue in the appeal. We previously entered this order:

"Respondent on appeal Alma Lockard has moved to dismiss this appeal on the ground that the judgment being appealed is for spousal support accruing under a temporary support order pursuant to a prior appeal and, under ORS 107.105(4), no appeal lies from a temporary support order. The court determines that there is no authority to reduce unpaid temporary support under ORS 107.105(4) to judgment, the sole enforcement mechanism being contempt proceedings, and that the judgment purports to be for unpaid support accruing under the decree of dissolution itself. Therefore, the motion is denied."

[4] Here, for example, husband was ordered to pay $800 per month by the dissolution judgment and $950 per month during pendency of the appeal. Even if, on appeal, he was held to pay the amount in the dissolution judgment from the date of entry, he would gain $150 per month by not paying.

"C.(1)  *Actions for dissolution* or annulment of marriage or separation from bed and board.

"C.(2)  Proceedings upon support orders entered under ORS chapter 108, 109, 110 or 419 and ORS 416.400 to 416.470." (Emphasis supplied.)

ORS 33.110 provides:

"If any loss or injury to a party in an action, suit or proceeding, prejudicial to the rights of the party therein, has been caused by the contempt, the court or judicial officer, in addition to the punishment imposed for the contempt, *may give judgment that the party aggrieved recover from the defendant a sum of money* sufficient to indemnify the party, and to satisfy costs and disbursements of the party, which judgment, and the acceptance of the amount thereof, is a bar to any action, suit or proceeding by the aggrieved party for such loss or injury." (Emphasis supplied.)

ORCP 78 and ORS 33.110 together provide for the entry of a money judgment for support ordered under ORS 107.105(4). The trial court had authority to enter a money judgment here as a result of the continuing contempt proceeding in which husband was originally found in contempt for failure to pay that support.

The resolution of this issue has been complicated by the judgment from which husband appealed, the face of which purports to be a judgment for spousal support arising out of the dissolution judgment. *See* n 3, *supra*. The document is titled "Order and Judgment" and states, in part:

"Alma C. Lockard, Plaintiff-Petitioner, is hereby awarded judgment against James Vernon Lockard, Defendant-Respondent, in the sum of $2,214.71 for past due spousal support pursuant to the Decree of Dissolution of Marriage entered herein on the 14th day of October, 1986."

■     Despite that language, both parties agree that the spousal support award is not based on the dissolution judgment but is, rather, support ordered pursuant to ORS 107.105(4). Although the trial court had authority to enter a money judgment, ORS 33.110 provides that the money judgment may be entered "in addition to the punishment imposed for the contempt * * *." In order for a money judgment to be entered, there must have been a contempt. The document appealed from here purports to purge husband of contempt.

From the document, we cannot determine that the trial court would have purged the contempt if, by doing so, it would lose the authority to enter the money judgment. Accordingly, we vacate the judgment in its entirety and remand for entry of a judgment consistent with the trial court's determination.

Because of our disposition of the appeal, we need not consider husband's other assignments of error.

Judgment vacated; remanded for further proceedings. No costs to either party.

**EDMONDS, J.,** dissenting.

The majority holds that the trial court had authority to enter a money judgment as a result of the support order under ORS 107.105(4) that served as a basis for a contempt judgment under ORCP 78 and ORS chapter 33 and remands for entry of a judgment. The majority is wrong.

Husband originally was ordered to pay support under ORS 107.105(4). He was later found in contempt for failing to pay support under the order, but was given the opportunity to purge the contempt. In 1988, he stipulated to a judgment for the past due support. Judgment was entered pursuant to the stipulation and, at the same time, the trial court ruled that he had purged the contempt. That judgment is the subject of this appeal. I disagree with the majority's conclusion that the trial court had the authority to enter the judgment and that it can be entered on remand.

ORS 107.105(4) provides that an order issued thereunder "may be enforced by contempt proceedings under ORCP 78." It confers no authority to enter a judgment. ORCP 78B is a procedural provision and confers no authority to grant a judgment. It says:

> "The court or judge thereof may enforce an order or judgment directing a party to perform a specific act by punishing the party refusing or neglecting to comply therewith, as for a contempt as provided in ORS 33.010 through 33.150."

Its effect is to authorize the court to "enforce" a pre-existing judgment or order. No pre-existing judgment existed for the judge to "enforce." Under these circumstances, no support

judgment could have been granted in 1988; neither can one be granted on remand.

A support order under ORS 107.105(4) could result in a judgment under ORS 33.110, which authorizes a trial court to award a judgment as ancillary relief to indemnify an aggrieved party for a loss resulting from a *contempt*. However, husband's contempt was purged at the same time that the judgment was granted. Because a finding of contempt is a predicate to the granting of a judgment under ORS 33.110, the authority to grant the judgment evaporated when the contempt was purged. It may be that the trial court would not have purged defendant's contempt and entered a judgment under ORS 33.110 if it had known about the lack of efficacy of the ORS 107.105(4) judgment, but its ruling did vacate the contempt finding. Consequently, there is no basis on remand on which the trial court could enter a judgment without undoing the finding that defendant is not in contempt. That issue is not before us on this appeal.

I dissent.