Argued and submitted March 17, reversed and remanded April 21, 1993

STATE ex rel Dave FROHNMAYER,
Attorney General of the State of Oregon,
*Respondent,*

*v.*

BICAR, INC.,
an Oregon corporation, dba Springfield Specialties;
Carl J. Stults, William Potter and Elinor Bright,
*Appellants.*

(16-91-00529; CA A73499)

850 P2d 1163

Gary D. Babcock, Salem, and Robert J. McCrea, Eugene, argued the cause and filed the brief for appellants.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DURHAM, J.

## DURHAM, J.

Defendants appeal from a summary judgment in this civil action and raise four assignments of error. We address only one because it is dispositive of the appeal.

Defendants moved to dismiss the complaint and included a request for oral argument in the caption of the motion. UTCR 5.050(1) provides, in part:

"There shall be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response."

The court denied the request for oral argument and denied the motion. Defendants assign error to the denial of oral argument.

The state concedes that the rule is mandatory[1] and that the court's refusal to allow oral argument violated the rule. *See Coleman and Coleman*, 117 Or App 333, 335, 844 P2d 234 (1992). The state contends that the violation does not require reversal, because defendants raised only legal arguments and were permitted to fully brief them. According to the state, defendants are not prejudiced by the court's action because, despite the absence of oral argument in the trial court, this court can reverse any erroneous trial court ruling on a legal issue.

The state relies on *Lockard and Lockard*, 89 Or App 640, 646, 750 P2d 522, *rev den* 306 Or 79 (1988), but that case is distinguishable. In *Lockard*, a husband agreed to a property settlement agreement in open court, but later refused to sign the agreement and moved for a trial. The court heard and denied the motion. The husband moved for reconsideration and requested oral argument and a hearing on the motion. The court denied the request. On appeal, we held that the denial of oral argument did not prejudice the husband. He had orally argued his contentions when he moved for a trial and made no claim that his motion for reconsideration raised

---

[1] The official commentary to the rule confirms that the rule was intended to be mandatory:

"It is the intent of this rule that oral argument *shall* be held if properly requested in the caption of the motion by the moving or respondent party. The rule does not leave an option with the court to grant or deny the request once made." (Emphasis in original.)

new contentions that he had not previously argued. We refused to construe UTCR 5.050(1) to grant a right to *repeat* oral arguments that the husband had previously made. In the present case, defendants claim a right to present oral argument that they have not previously presented.

The state's contention that the court's rule violation is not prejudicial does not answer the assignment. The minutes of the Uniform Trial Court Rules Committee demonstrate that the committee chose a mandatory rule, because allowing oral argument on motions enhances decision making in the trial courts:

> "[T]he committee considered whether oral argument should be a right or whether the court, as in Lane County, should be able to require determinations of motions on the papers. The committee was of the opinion that the tradition of openness of Oregon courts that is enshrined in the Constitution, the savings in reduced time spent drafting pleadings and supporting documents, and the better considered opinions resulting from an open dialogue between counsel and the court, all argued in favor of allowing a party to obtain oral argument, whether live or by telecommunication, as a matter of right." Minutes, Uniform Trial Court Rules Committee, February 23, 1985, p 3.

Oral argument offers the parties an important opportunity to clarify arguments and to respond to the judge's questions about the record and the legal issues that the judge deems critical. Oral argument promotes an understanding of the dispute that written communication does not always duplicate. As this court can confirm, oral argument can shed light on important facts, contentions and authorities, and can induce the judge to consider or to change preliminary conclusions reached after a review of written briefs. It also serves to assure the public that the judge has considered the case and is accountable for the decision. Defendants' opportunity to appeal and seek reversal of legal errors does not eliminate the prejudicial effect of the denial of the opportunity for an optimal decision-making process in the trial court. The court's refusal to allow oral argument, as required by UTCR 5.050(1), was reversible error.

Reversed and remanded.