Argued and submitted November 20, 1992, reversed and remanded July 7, Sacred Heart Hospital's petition for reconsideration and Haugen's petition for reconsideration denied October 13, both petitions for review allowed November 16, 1993 (318 Or 60)
See later issue Oregon Reports

Brian ZEHR
and Jonni Zehr,
husband and wife,
*Appellants,*

*v.*

Richard D. HAUGEN, M.D.;
Women's Care Associates of Lane County, P.C.;
Sacred Heart General Hospital,
assumed business name registered by
Sisters of St. Joseph of Peace, Health
and Hospital Services,
a Washington non-profit corporation,
*Respondents,*

*and*

EUGENE OBSTETRICAL CLINIC,
*Defendant.*

(16-91-01871; CA A71334)

855 P2d 1127

D. Lawrence Wobbrock, Portland, argued the cause for appellants. With him on the briefs were Kathryn H. Clarke and Christie Coates Leto, Portland.

John Kilcullen, Eugene, argued the cause for respondents Richard D. Haugen, M.D. and Women's Care Associates of Lane County, P.C. With him on the brief were Richard A. Roseta and Brown, Roseta, Long & McConville, Eugene.

Josephine H. Mooney, Eugene, argued the cause for respondent Sacred Heart General Hospital. With her on the brief were Win Calkins and Calkins & Calkins, Eugene.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Plaintiffs Brian and Jonni Zehr are husband and wife. They brought this medical malpractice and breach of contract action against defendant physician and the professional corporation of which he is the principal (collectively "Haugen"), and against defendant Sacred Heart General Hospital (hospital). Plaintiffs allege that defendants were negligent, and that Haugen also committed breaches of contract and warranty, in failing to perform the surgical sterilization that Haugen had agreed to perform on wife. As a result, she became pregnant and gave birth to plaintiffs' third child. The child was born healthy and normal. The plaintiffs sought damages of various kinds. Our disposition makes it unnecessary to describe all of the damages in detail. We note two of the general categories: damages associated directly with the pregnancy and birth (*e.g.*, hospital expenses); and damages expected to be incurred in connection with raising and educating the child.

Defendants moved to dismiss the negligence claim on the ground that the tort of "wrongful conception" or "wrongful pregnancy" is not and should not be recognized in Oregon. They moved against the contract and warranty claims on the ground that the allegations sounded in tort rather than contract. As an alternative, defendants moved to dismiss the claim for child rearing and education damages, along with other damages that were not immediately incidental to the pregnancy and birth expenses, contending that those "extraordinary" damages should not be recoverable, even if the underlying liability claims may be asserted.

Plaintiffs requested oral argument pursuant to UTCR 5.050(1). The trial court refused the request. It then granted the motions to dismiss, as well as the alternative motions to strike the "extraordinary" damages. Plaintiffs appeal. They assign error to each of the trial court's rulings on the motions and to its refusal to allow oral argument.

We turn to the last assignment first. The refusal to allow oral argument, as required by UTCR, was error and requires a reversal. *State ex rel Frohnmayer v. Bicar, Inc.*, 119 Or App 458, 850 P2d 1163 (1993). Because at least some of

the other issues are likely to arise on remand, we will address them.

■       Defendants argue that no right of action should arise for a wrongful or unwanted pregnancy and birth. Their contentions are policy-based, and are to the general effect that the conception and birth of a healthy baby is not an injury as a matter of law. Like plaintiffs, defendants place much reliance on decisions from other jurisdictions. However, plaintiffs also respond that the question relevant to the dismissal of their negligence claims is not one of policy. Rather, they maintain that they have alleged an ordinary claim for medical malpractice. Although the specific damages that they claim to have incurred might differ from the damages recoverable in more traditional malpractice cases, plaintiffs assert that that does not change the fact that they have stated a negligence claim, together with at least some damages that are directly and indisputably attributable to the alleged negligent conduct.

■       We agree with plaintiffs. They have stated claims for negligence against all defendants, and they have alleged *some* damages that flow *directly* from defendants' failure to perform the procedure, *i.e.*, expenses of pregnancy and birth, and lost wages during pregnancy and convalescence. Defendants' argument that the birth of a healthy child is not an injury loses sight of the fact that the allegedly negligent omission was the failure to perform the procedure that plaintiffs sought in order to prevent the conception of the child. We perceive no policy basis that allows *us* to say that this alleged act of professional negligence should not be redressable in a tort action, just as any other act of medical malpractice is. For purposes of deciding whether plaintiffs have stated a tort claim, we are not concerned with whether the birth of the child is itself an injury. Rather, the question is whether the direct and incidental expenses of bearing the child are an injury and can be recoverable. The answer is yes. The trial court erred by dismissing the tort claims.

■       We also conclude that it was error to dismiss the breach of contract and warranty claims against Haugen. Although there may be some overlap between the tort standard of care and proof of the breach, plaintiffs are correct in contending that their contract and warranty allegations go

beyond a mere restatement of the tort claims and, at least for purposes of a motion to dismiss, the allegations are sufficient to state a claim. As plaintiffs state, "[t]he [alleged] obligation to perform the sterilization procedure with due care arose out of tort law, but the [unfulfilled] obligation to perform in the first place arose out of the agreement between plaintiff[s] and [Haugen]." The contract and warranty claims are viable. *See Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 611 P2d 1158 (1980).

■ The most difficult question that may eventually arise in this case is presented by the court's alternative ruling striking the claims of damages for child rearing and education, possibly through the college level. Defendants argue, and some courts have held, that damages of that kind are not recoverable in a so-called "wrongful pregnancy" case. A variety of theories have been offered: the amount of damages is inherently speculative; the amount of offsetting benefits, financial and otherwise, from the unplanned child's existence, cannot be known or proved in advance; and no person has the right to ask another to pay for raising the person's child.

The trial court granted the motions to dismiss on the ground that the liability claims were not actionable. We have reversed its rulings to that effect. Deciding what particular "extraordinary" damages may or may not be proven or recovered was unnecessary to the trial court's disposition, and it is unnecessary to ours. Arguably, we could decide the issue as one that may arise on remand. We decline to do that, however, because the issue is one that can be more adequately considered after plaintiffs have had an opportunity to prove their alleged damages, and the issue comes to the courts in a posture that is more conducive to thoughtful review than is the factual vacuum that now exists.

Reversed and remanded.