Argued and submitted March 7, decision of the Court of Appeals reversed in part and affirmed in part on different grounds; judgment of the circuit court dismissing plaintiffs' claim for breach of warranty affirmed; judgment of the circuit court otherwise reversed, and case remanded to the circuit court for further proceedings
April 21, 1994

# Brian ZEHR
## and Jonni Zehr, husband and wife,
### *Respondent on Review,*

*v.*

## Richard D. HAUGEN, M.D.;
## Women's Care Associates of Lane County, P.C.;
## Sacred Heart General Hospital,
## assumed business name registered by
## Sisters of St. Joseph of Peace,
## Health and Hospital Services,
## a Washington non-profit corporation,
### *Petitioners on Review,*

*and*

## EUGENE OBSTETRICAL CLINIC,
### *Defendant.*

### (CC 16-91-01871; CA A71334;
### SC S40590 (Control), S40644)

871 P2d 1006

John F. Kilcullen, of Brown, Roseta, Long & McConville, Eugene, argued the cause for petitioners on review Richard D. Haugen, M.D., and Women's Care Associates of Lane County, P.C. With him on the petition was Richard A. Roseta.

Josephine H. Mooney, of Calkins & Calkins, Eugene, argued the cause and filed the petition for petitioner on review Sacred Heart General Hospital.

D. Lawrence Wobbrock, Portland, argued the cause for respondents on review. With him on the response were Kathryn H. Clarke and Maureen Leonard, Portland.

Anthony A. Allen, of Law Offices of Michael B. Dye, Salem, filed a brief on behalf of *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

GRABER, J.

## GRABER, J.

In this civil case, we are called on to answer these questions: (1) Did the trial court err in refusing plaintiffs' request for oral argument on defendants' motions to dismiss their claims and, if so, is reversal of the trial court's rulings required? (2) Do plaintiffs' allegations relating to the failure to perform a sterilization procedure, resulting in the birth of a normal, healthy child, state claims for negligence, breach of contract, and breach of warranty? (3) If the allegations state facts sufficient to constitute one or more of those claims, are plaintiffs entitled to allege, as damages, expenses of raising the child and providing for the child's college education?

We answer those questions as follows: (1) The trial court erred in refusing plaintiffs' request for oral argument, but that error does not require reversal. (2) Plaintiffs' allegations state claims for negligence and breach of contract, but not for breach of warranty. (3) Plaintiffs are entitled to allege, as damages, the described expenses in connection with their claims for negligence and breach of contract.

Plaintiffs are a husband and wife. Defendants are a physician and his professional corporation (physician) and the hospital where physician treated plaintiff wife. In the present action, plaintiffs allege that defendants were negligent in various particulars in carrying out an agreement to perform a tubal ligation on wife at the time of the Caesarean delivery of her second child. Plaintiffs also allege breach of contract and breach of warranty against defendant physician[1] in connection with his alleged failure to perform the tubal ligation. Plaintiffs allege that, as a result of defendant's failure properly to perform the tubal ligation, wife became pregnant and gave birth to a third child.[2] Plaintiffs sought economic damages from both defendants related to the costs of the pregnancy and birth and to the "future costs" of raising and educating the third child. They also sought noneconomic damages related to emotional suffering and to plaintiffs' changed family situation resulting from the birth of that child.

---

[1] In the Court of Appeals, plaintiffs withdrew their breach of contract and breach of warranty claims against defendant hospital.

[2] Plaintiffs do not allege that the child was other than a healthy, normal child.

Pursuant to ORCP 21 A,[3] defendants moved to dismiss each of plaintiffs' claims, on the ground that the allegations therein failed to state ultimate facts sufficient to constitute claims for relief. In regard to plaintiffs' claim for negligence, defendants argued that the tort of "wrongful pregnancy" is not recognized in Oregon. In regard to plaintiffs' claims for breach of contract and breach of warranty, defendants argued that plaintiffs' allegations sound only in tort. Finally, and in the alternative, defendants argued that, as to damages, plaintiffs are not entitled to "child-rearing expenses."

Pursuant to UTCR 5.050(1),[4] plaintiffs requested oral argument on defendants' motions. The trial court refused plaintiffs' request and granted all of defendants' motions.

Plaintiffs appealed, arguing that the trial court erred in refusing their request for oral argument and that it erred in granting defendants' motions. The Court of Appeals held that the trial court's refusal to allow oral argument was an error requiring reversal. *Zehr v. Haugen*, 121 Or App 489, 491, 855 P2d 1127 (1993). The Court of Appeals also addressed other assignments of error that were likely to arise on remand. That court concluded that plaintiffs stated a claim for negligence in the form of an "ordinary claim for medical malpractice" and that plaintiffs alleged at least "*some* damages that flow *directly* from defendants' failure to perform the procedure, *i.e.*, expenses of pregnancy and birth, and lost wages during pregnancy and convalescence." *Id.* at 492 (emphasis in original). That court also concluded that the trial court erred in dismissing plaintiffs' claims for breach of contract and breach of warranty, because defendant's "obligation to perform the sterilization procedure with due care

---

[3] ORCP 21 A(8) provides that defenses to a claim for relief shall be asserted in the responsive pleading thereto, except that certain defenses may, at the option of the pleader, be made by motion to dismiss, including the defense that a claim for relief fails to state ultimate facts sufficient to constitute a claim.

[4] UTCR 5.050(1) provides:

"There must be oral argument if requested by the moving party in the caption of the motion or by a responding party in the caption of a response. The first paragraph of the motion or response must include an estimate of the time required for argument and a statement whether official court reporting services are requested."

arose out of tort law, but the \* \* \* obligation to perform in the first place arose out of the agreement" between plaintiffs and defendants. *Id.* at 492-93. The court declined to decide whether plaintiffs were entitled to damages related to raising the child and providing for the child's college education. *Id.* at 493. The court reversed the judgment of the circuit court and remanded the case. *Ibid.* This court then allowed defendants' petition for review.

## ORAL ARGUMENT ON MOTIONS TO DISMISS

We first consider whether the trial court erred in refusing plaintiffs' request, pursuant to UTCR 5.050(1), for oral argument on defendants' motions to dismiss and whether, if error, the trial court's action requires reversal.

This court has not previously considered the meaning or application of UTCR 5.050(1), set out at note 1, above. UTCR 5.050(1) is expressed in mandatory terms: "There *must* be oral argument" if requested in the form specified. (Emphasis added.) If the text of the rule leaves any doubt, the history of the rule's creation demonstrates conclusively that UTCR 5.050(1) requires a trial court to grant oral argument if it is requested in the form specified. *See* Minutes, Uniform Trial Court Rules Committee, February 23, 1985, p 3 (listing considerations militating in favor of allowing parties to obtain oral argument as a matter of right). Neither is the rule an empty gesture. Oral argument is an important way in which counsel communicate to the court the efficacy of their clients' positions, and it is the only opportunity for the court fully to inform itself through a process of questions and answers. The trial court erred in refusing plaintiffs' request, made in the form specified in the rule, for oral argument.

That error does not require reversal, however, unless plaintiffs were prejudiced by it, that is, unless the error substantially affected plaintiffs' rights. *See* ORS 19.125(2) (providing that no judgment shall be reversed or modified except for error substantially affecting the rights of a party). Notwithstanding the value of oral argument generally, the record in this case does not demonstrate that plaintiffs were prejudiced by the trial court's refusal of their request for oral

argument.[5] The trial court's error in refusing plaintiffs' request for oral argument, therefore, does not require reversal. The Court of Appeals' contrary ruling was error.

## NEGLIGENCE CLAIM

Because the trial court's ruling on plaintiffs' request for oral argument does not require reversal, we next consider whether any of plaintiffs' other assignments of error on appeal requires reversal of the trial court's disposition of the case. We begin by considering whether the trial court erred in granting defendants' motions to dismiss plaintiffs' claim for negligence.

■ In Count I of their second amended complaint, plaintiffs allege that defendant physician is a medical doctor licensed to practice in Oregon, that physician practices the specialty of obstetrics, and that defendant hospital is licensed to provide medical care. Plaintiffs allege that defendant physician was negligent in failing, at the time of the Caesarean delivery of plaintiff wife's second child, to perform a tubal ligation on wife as she had requested and as defendants had agreed. Plaintiffs allege that defendant hospital was negligent in failing to "make proper notation in the appropriate medical records regarding the need for tubal ligation," in failing properly to inform physician of wife's request for a tubal ligation, in failing to ensure that a tubal ligation was performed, and in failing to notify plaintiffs that a tubal ligation was not performed. Plaintiffs allege that defendants' negligence caused plaintiff to remain fertile, to become pregnant, and to deliver a child. Finally, plaintiffs allege that they incurred economic and noneconomic damages in specified particulars as a result of defendants' negligence.

In *Stevens v. Bispham*, 316 Or 221, 851 P2d 556 (1993), this court discussed the requirements for a claim of negligence against a professional person who performed a service for the plaintiff. This court held that, in an action for legal or other form of professional malpractice, the plaintiff ordinarily must allege and prove (1) a duty that runs from the defendant to the plaintiff; (2) a breach of that duty; (3) a

---

[5] We do not mean to suggest that a party *never* can be prejudiced by a refusal to grant its request for oral argument or that there is no other remedy for such a refusal.

resulting harm to the plaintiff measurable in damages; and (4) causation, *i.e.*, a causal link between the breach of duty and the harm. *Id.* at 227. The allegations in Count I of plaintiffs' second amended complaint meet all of those requirement and, accordingly, state ultimate facts sufficient to constitute a claim for negligence in the form of medical malpractice. For the purpose of stating a claim for medical malpractice arising from surgery, a tubal ligation does not differ in theory from other surgical procedures. Plaintiffs are entitled to present evidence in support of their allegations of negligence. The trial court erred in granting defendants' motion to dismiss plaintiffs' negligence claim against defendants.

## BREACH OF CONTRACT CLAIM

■ We next consider whether the trial court erred in granting defendants' motion to dismiss plaintiffs' claim for breach of contract against defendant physician. Plaintiffs acknowledge that an allegation of failure to exercise due care in the performance of a professional obligation is an allegation of professional negligence. They argue, however, that an allegation of failure to perform a contracted-for procedure at all is an allegation of breach of contract. In Count II of their second amended complaint, plaintiffs allege that defendant "agreed to perform" a tubal ligation on plaintiff wife, that plaintiffs performed all conditions required of them under the contract, that defendant "fail[ed] to do" that surgical procedure, and that plaintiffs incurred economic and non-economic damages in specified particulars as a result of that failure.

In *Securities-Intermountain v. Sunset Fuel*, 289 Or 243, 611 P2d 1158 (1980), this court considered the interplay between claims of negligence and claims of breach of contract. This court concluded that, where the parties have agreed upon the performance expected by the plaintiff and promised by the defendant in terms that commit the defendant to that performance without reference to, and irrespective of, any general standard of care, the defendant may be liable on the contract whether or not he or she was negligent, and regardless of facts that might excuse the defendant from tort liability. *Id.* at 259-60.

Applying those principles here, we conclude that the allegations in Count II of plaintiffs' second amended complaint state ultimate facts sufficient to constitute a claim for breach of contract. Plaintiffs are entitled to present evidence in support of their allegations of breach of contract. The trial court erred in dismissing plaintiffs' breach of contract claim against defendant physician.

## BREACH OF WARRANTY CLAIM

We next consider whether the trial court erred in dismissing plaintiffs' claim for breach of warranty against defendant physician. In Count III of plaintiffs' second amended complaint, plaintiffs allege that defendant "warranted to plaintiff [wife] that he would perform a tubal ligation upon her," that plaintiff performed all conditions required of her under the terms of that agreement, that defendant "breached [his] warranty agreement with plaintiff [wife] by failing to perform the surgical tubal ligation sterilization procedure upon her as warranted," and that plaintiffs were damaged in specified particulars as a result of that failure.

Ordinarily, in the context of a contract for the furnishing of services, a claim for breach of warranty is based on an allegation that the services, *having been provided*, were provided in a manner that was insufficient under the terms of the contract, or under the implied expectations of the parties, or both. *See, e.g., American Petrofina v. D & L Oil Supply*, 283 Or 183, 194-95, 583 P2d 521 (1978) (in considering whether a plaintiff was entitled to recover on a contract for painting services that it had performed, court stated that "[o]ne of the obligations in a contract for the furnishing of services — an obligation which is implied by law if it is not expressed between the parties — is that the work is to be performed in a workmanlike manner").

Plaintiffs' claim for breach of warranty does *not* allege that defendants performed services in an insufficient manner. Instead, plaintiffs allege that defendants "*fail[ed] to perform*" the agreed services at all. That allegation does not describe a warranty concerning the quality of work, nor an alleged breach thereof; rather, it describes an alleged breach

of contract. Notwithstanding plaintiffs' use of such conclusory terms as "warranty agreement" in Count III of their second amended complaint, the allegations in that count do not state ultimate facts sufficient to constitute a claim for breach of warranty. The trial court did not err in granting defendants' motions to dismiss that claim.

## ALLEGATIONS OF ECONOMIC DAMAGES

We next consider whether the trial court erred in granting defendants' motions to dismiss plaintiffs' allegations of economic damages in the form of expenses of raising the child and providing for the child's college education. Plaintiffs asserted those types of economic damages in connection with both the negligence and breach of contract claims. This court has not previously considered the question whether economic damages of the types asserted are recoverable in either of those contexts.

### A. *Negligence Claim.*

■■ We begin by considering whether the specified types of economic damages are recoverable in the context of plaintiffs' claim for negligence. In an action for negligence, damages ordinarily are recoverable for various types of harm, including reasonable medical and other expenses, loss of earnings, harm to property or business caused by the invasion of the legal interest, bodily injury, and emotional distress. *See* ORS 18.560(2) (defining "economic damages," in the context of civil actions seeking damages arising out of bodily injury, as "objectively verifiable monetary losses including but not limited to" reasonable medical expenses, loss of income and past and future impairment of earning capacity, economically verifiable damage to reputation, and costs due to loss of use of property, and defining "noneconomic damages," in that context, as "substantive, nonmonetary losses, including but not limited to, pain, mental suffering, emotional distress, * * * [and] inconvenience and interference with normal and usual activities apart from gainful employment").[6] Moreover, although this court has held that the threat of future harm, by itself, is insufficient as an allegation of damage in the context of a negligence claim, *see U.S. Nat'l Bank v. Davies,*

---

[6] *See also* Restatement (Second) of Torts § 924 (1979) (discussing types of harm for which damages are recoverable in negligence actions).

274 Or 663, 668, 548 P2d 966 (1976) (so stating in the context of a claim for legal malpractice), the harms alleged need not be only past harms, but also may include present harms and harms that may occur in the future. *See Fiest v. Sears, Roebuck & Co.*, 267 Or 402, 412, 517 P2d 675 (1973) (stating the rule, established in *Barron v. Duke et al*, 120 Or 181, 250 P 628 (1926), that "[f]uture consequences which are reasonably to be expected to follow an injury may be given in evidence for the purpose of enhancing the damages").[7]

Defendants do not argue that, as a matter of law, the consequences alleged by plaintiffs cannot reasonably be expected to follow. Rather, they argue that expenses of raising the child and providing for the child's college education are not recoverable because, as a matter of law, the birth of a healthy, normal child cannot be "harm." We are not persuaded. When a plaintiff alleges that a negligently performed medical procedure produced an outcome that was harmful to the plaintiff, the plaintiff is entitled to present evidence concerning that alleged harm. For the purpose of withstanding a motion to dismiss, it is irrelevant that other people reasonably may consider the birth of a child to be a beneficial event. That circumstance does not prevent a plaintiff from alleging the same event as a harm to that particular plaintiff, for which damages may be sought.

Defendants also argue that the amount of the claimed damages is too "speculative" to permit recovery. *See Yamaha Store of Bend, Inc. v. Yamaha Motor Corp.*, 310 Or 333, 344, 798 P2d 656 (1990) (general rule in Oregon in regard to assessing damages is that a plaintiff should recover only such sums as will compensate the plaintiff for the injury suffered as a result of the defendant's wrong; "when damages are susceptible to proof with approximate accuracy, the necessary evidence must be supplied").[8] Generally, however, when a plaintiff asserts a claim for damages for future harm, the question whether those damages are recoverable is a question

---

[7] *See also* Restatement (Second) of Torts, *supra*, at § 910 ("One injured by the tort of another is entitled to recover damages from the other for all harm, past, present and prospective, legally caused by the tort.").

[8] *See also* Restatement (Second) of Torts, *supra*, at § 912 (discussing the stated principle); Restatement (Second) of Torts, *supra*, at § 910, comments *a, b* (discussing damages for future harm).

of fact for the jury, the answer to which will depend on the evidence adduced at trial. Plaintiffs' pleading asserts items of damages that are not, as a matter of law, too speculative to permit recovery.

In the procedural posture of this case, we are not called on to decide whether plaintiffs have met or can meet the required evidentiary burden in regard to their claim for damages in the form of expenses of raising the child and providing for the child's college education. Instead, we are called on to decide only whether plaintiffs are entitled to include those items of alleged damages in their pleading of a claim for negligence. We conclude that, consistent with the principles described above, they are so entitled.[9] The trial court erred in dismissing the described damages allegations from plaintiffs' claim for negligence.

### B. *Breach of Contract Claim.*

Finally, we consider whether the trial court erred in dismissing plaintiffs' assertions of economic damages in the form of expenses of raising the child and providing for the child's college education, in the context of their claim for breach of contract. As we did in relation to plaintiffs' negligence claim, we examine established principles relating to the recovery of damages for breach of contract, in order to determine whether plaintiffs' allegations in this case are of a kind that may be pleaded in a contract action.

The purpose of the remedy of damages for a breach of contract claim is to compensate the plaintiff for the loss incurred as a result of the defendant's breach. As pertinent here, that compensation may be accomplished by placing the aggrieved party in the position that he or she would have occupied had the contract been fully performed, that is, by compensating the party according to his or her "expectation interest." *See Nelson Equip. Co. v. Harner,* 191 Or 359, 369, 230 P2d 188 (1951) (in an action for breach of contract, the law attempts, by means of a judgment for money, to place the party injured by the breach in the position that the party would have occupied if the other party had performed).[10]

---

[9] We note that defendants likewise are entitled to assert any relevant defenses.

[10] *See also* Restatement (Second) of Contracts § 344(a) (1981) (describing

The challenged allegations of damages seek to place plaintiffs in the position that they would have occupied had defendant physician fully performed the alleged contract. Accordingly, those allegations of damages fit within the general boundaries for contract damages. Again, however, defendant physician argues that the claimed damages are too "speculative" to be recoverable. Our response also is the same: plaintiffs' pleading asserts items of damages that are not, as a matter of law, too speculative to permit recovery. *See Welch v. U.S. Bancorp*, 286 Or 673, 703-06, 596 P2d 947 (1979) (in a contract action, "consequential damages are recoverable if they are reasonably foreseeable"; a plaintiff must prove entitlement to damages by a preponderance of the evidence, and courts should be "wary" of withdrawing allegations of damages from the consideration of the jury). *See also Husky Lbr. Co. v. D. R. Johnson Lbr. Co.*, 282 Or 481, 487-88, 579 P2d 235 (1978) (in the context of discussing proof of damages in a contract action, court explained that the term " 'reasonable certainty' signifie[s] nothing more than 'probability.' As it has been used in connection with claims for certain kinds of damages in our decisions, the term 'reasonable certainty' is found to refer to the *kind of evidence* required rather than to the quantum of proof." (emphasis in original)); *North Pacific Lbr. v. Moore*, 275 Or 359, 366, 551 P2d 431 (1976) ("It is well settled that [a] plaintiff need not prove the amount of his damages with mathematical certainty. He need only establish the fact of damage and evidence from which a satisfactory conclusion as to the amount of damage can be reached.").

We conclude that, subject to the described principles, plaintiffs are entitled to assert, in the context of their breach of contract claim based on defendant physician's alleged failure to perform a tubal ligation, damages in the form of expenses of raising the child and providing for the child's college education.[11] The trial court erred in dismissing those

---

"expectation interest"); Restatement (Second) of Contracts, *supra*, at § 347, comments *a, b* (describing measure of damages based on the aggrieved party's expectation interest).

[11] Again, we note that defendant physician is entitled to assert any relevant defenses.

damage allegations from plaintiffs' claim for breach of contract.

## CONCLUSION

In summary, although the trial court erred in refusing plaintiffs' request, pursuant to UTCR 5.050(1), for oral argument on defendants' motions to dismiss plaintiffs' claims, that error does not require reversal. The trial court did not err in dismissing plaintiffs' claim for breach of warranty. The trial court erred, however, in granting defendants' motions to dismiss plaintiffs' claims for negligence and breach of contract, and it erred in dismissing plaintiffs' allegations of damages in the form of expenses of raising the child and providing for the child's college education.

The decision of the Court of Appeals is reversed in part, and affirmed in part on different grounds. The judgment of the circuit court dismissing plaintiffs' claim for breach of warranty is affirmed. The judgment of the circuit court is otherwise reversed, and the case is remanded to the circuit court for further proceedings.