Argued and submitted October 6, supplemental judgment awarding defendants
enhanced prevailing party fee reversed and remanded; otherwise affirmed
December 6, 2006

James HOUSE,
*Appellant,*

*v.*

Thomas B. HICKS
and University of Oregon,
an agency and instrumentality
of the State of Oregon,
*Respondents.*

16-04-14216; A130535

149 P3d 230

David C. Force argued the cause and filed the briefs for appellant.

Denise G. Fjordbeck, Senior Assistant Attorney General, argued the cause for respondents. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Ortega, Judge, and Hargreaves, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiff appeals a supplemental judgment awarding defendants a prevailing party fee of $5,000. He assigns error to the prevailing party fee award on various grounds, including that the trial court failed to hold a hearing on his objections to defendants' request for the award. We agree that the trial court erred in failing to hold a hearing and therefore reverse and remand. In light of that disposition, we need not address plaintiff's other assignments of error.

The relevant facts are not in dispute. Plaintiff filed a complaint against defendants University of Oregon and Thomas Hicks, a university employee, alleging claims for defamation, intentional infliction of emotional distress, and violation of 42 USC sections 1983 and 1988. A month before the scheduled trial date, defendants filed an answer to the complaint. Shortly after that, plaintiff moved to amend his complaint to add another university employee as a defendant. The trial court denied the motion. Plaintiff then moved to postpone the trial date. The trial court denied that motion as well. Plaintiff then filed a notice of voluntary dismissal of all claims without prejudice, under ORCP 54 A. The trial court dismissed the complaint without prejudice.

Defendants then filed a cost bill. In that cost bill, they sought an enhanced prevailing party fee of $5,000, pursuant to ORS 20.190(3). Plaintiff timely objected to the cost bill. The first sentence of the objection states that plaintiff "OBJECTS to defendants' ORCP 68 statement of costs and disbursements and requests hearing on his objections." The trial court, however, did not hold a hearing on plaintiff's objections and awarded defendants the requested enhanced prevailing party fee.

■ On appeal, plaintiff argues that the trial court erred in failing to hold a hearing on his timely objection to defendants' statement of costs and disbursements. Defendants do not contest that plaintiff timely objected. Their argument is that plaintiff, in effect, waived the right to a hearing by failing to comply with UTCR 5.050, which requires all requests for oral argument to be stated in the *caption* of a motion. In

this case, defendants argue, although the request for a hearing was stated in the body of plaintiff's objections, it was not stated in the caption. In the alternative, defendants argue that, even if the trial court erred in failing to hold a hearing, under *Zehr v. Haugen*, 318 Or 647, 871 P2d 1006 (1994), plaintiff cannot prevail because he has failed to demonstrate any prejudice by the trial court's failure to hold such a hearing. We agree with plaintiff.

ORCP 68 C(4)(c)(i) provides that, when objections are filed to a statement requesting costs and disbursements,

> "the court, without a jury, shall hear and determine all issues of law and fact raised by the statement of attorney fees or costs and disbursements and by the objections. The parties shall be given a reasonable opportunity to present affidavits, declarations and other evidence relevant to any factual issue, including any factors that ORS 20.075 or any other statute or rule requires or permits the court to consider in awarding or denying attorney fees or costs and disbursements."

■ It is by now well settled that, when a hearing is requested on objections to a statement for costs and disbursements, it is reversible error for the trial court to fail to hold the requested hearing. *Hurd v. Holder*, 198 Or App 282, 283, 108 P3d 87, *rev den*, 339 Or 66 (2005); *Whitlow and Whitlow*, 79 Or App 555, 559, 719 P2d 1308 (1986); *see also Poddar v. Dept. of Rev.*, 341 Or 186, 195-96, 139 P3d 962 (2006) (it is reversible error under identically worded Oregon Tax Court rule to fail to grant a hearing on objections to costs and disbursements).

We are unpersuaded by defendants' argument that plaintiff waived the right to a hearing by failing to state his request in the caption of his objections, as opposed to the first sentence of the motion itself. UTCR 5.050 provides that, in civil cases, "[t]here must be oral argument if requested by the moving party in the caption of the motion or by a respondent in the caption of a response." It is, to begin with, at least debatable that a statement of costs and disbursements is a "motion" within the meaning of the rule. More important, the rule applies only to requests for *oral argument* on, or in response to, a motion. As we explained in *Elkins v.*

*Thompson*, 174 Or App 307, 317 n 5, 25 P3d 376, *rev den*, 332 Or 558 (2001), the Oregon Rules of Civil Procedure do not generally provide for oral argument on motions. To fill that gap, the Uniform Trial Court Rules provide for such argument, if requested in accordance with those rules.

In contrast, ORCP 68 expressly provides a right, not just to oral argument, but to a *hearing*, at which the parties "shall be given a reasonable opportunity to present affidavits, declarations, and other evidence" relevant to any factors the court may consider in determining whether to allow the fees requested. UTCR 5.050, by its terms, does not apply to a request for such a hearing.

Nor are we persuaded by defendants' argument that plaintiff cannot prevail in the absence of a showing of prejudice. *Zehr* was a case involving the denial of oral argument on a motion, in violation of UTCR 5.050. In that context, the court held that, "[n]otwithstanding the value of oral argument generally," the trial court's failure to allow oral argument to the plaintiffs did not require reversal because "the record in this case does not demonstrate that [the] plaintiffs were prejudiced by the trial court's refusal of their request." 318 Or at 652. This case, as we have noted, involves a request for an evidentiary hearing under ORCP 68 C(4), not just oral argument. *Zehr* does not apply.

Our cases pertaining to the denial of a request for a hearing under ORCP 68 C(4) make clear that a showing of prejudice is not required. In *O'Neal and O'Neal*, 158 Or App 431, 435, 974 P2d 785 (1999), we expressly rejected the argument that a showing of prejudice is a predicate to reversal when a trial court fails to grant the hearing that is required by that rule:

> "The process outlined in ORCP 68 C(4) for seeking attorney fees is mandatory, as shown by the use of the word 'shall.' It guarantees that all parties will be able to present their positions to the court in a structured manner and have an opportunity to contest those of their opponents. It also guarantees that the party seeking attorney fees presents to the court some evidence of the legitimacy of its request before those fees are awarded in an actual judgment. *Denial of this*

*important process corrupts the system and infringes on the rights of each party."*

(Emphasis added.) *See also Young and Young,* 172 Or App 108, 111, 17 P3d 577 (2001) (holding that "the procedural requirements of ORCP 68 are mandatory and that failure to follow those procedures is prejudicial to the party deprived of the appropriate process").

Supplemental judgment awarding defendants enhanced prevailing party fee reversed and remanded; otherwise affirmed.