Original proceeding in mandamus;* considered and under advisement on November 3, petition for alternative writ of mandamus denied; emergency motion to stay trial court proceedings dismissed as moot November 5, 2010

## RONALD R. WEAVER,
*Petitioner / Relator,*

*v.*

## Brian BELLEQUE,
Superintendent,
Oregon State Penitentiary,
*Defendant / Adverse Party.*

(CC 07C23515; SC S058700)

242 P3d 611

Ronald R. Weaver, Relator, *pro se*, filed the petition for alternative writ of mandamus and emergency motion to stay trial court proceedings.

No appearance *contra*.

Before De Muniz, Chief Justice, and Gillette, Durham, Kistler, Balmer, and Walters, Justices.**

PER CURIAM

De Muniz, C. J., concurred and filed an opinion.

---

* On petition for alternative writ of mandamus from an order of the Marion County Circuit Court, Jamese Rhoades, Judge.

** Linder, J., did not participate in the consideration or decision of this case.

## PER CURIAM

The petition for alternative writ of mandamus is denied. The emergency motion to stay trial court proceedings is dismissed as moot.

**DE MUNIZ, C. J.,** concurring.

I write to expressly note the mandatory nature of the obligation imposed by UTCR 5.050 to provide oral argument on motions filed in civil cases when requested by a party. In *Zehr v. Haugen*, 318 Or 647, 652, 871 P2d 1006 (1994), this court described that obligation in the following terms:

> "UTCR 5.050(1) is expressed in mandatory terms: 'There *must* be oral argument' if requested in the form specified. * * * Neither is the rule an empty gesture. Oral argument is an important way in which counsel communicate to the court the efficacy of their client's positions, and it is the only opportunity for the court fully to inform itself through a process of questions and answers. The trial court erred in refusing plaintiff's request, made in the form specified in the rule for oral argument."

Nevertheless, in *Zehr*, this court did not require reversal for failure to provide oral argument because the plaintiffs did not demonstrate they were prejudiced by the court's refusal to grant them oral argument. *Id.* at 652-53. In this case, it also does not appear that relator was prejudiced by the failure of one trial court judge to afford him the opportunity to orally argue *pro se* on his motion seeking disqualification of the trial court judge presiding over relator's pending case. Because the record does not establish prejudice to relator, I join in the court's decision denying relator's request that this court exercise its discretion to grant the extraordinary remedy of mandamus relief. I do note, however, that UTCR 5.050 imposes a mandatory requirement with which trial courts must comply.