Argued and submitted October 7, 1998, reversed and remanded in part; otherwise affirmed February 17, 1999

In the Matter of the Marriage of

Tatiana K. O'NEAL,
*Appellant,*

*and*

Leonard Dean O'NEAL,
*Respondent.*

(96DO-0049-AB; CA A96400)

974 P2d 785

Russell Lipetzky argued the cause and filed the brief for appellant.

Greg O'Neill argued the cause and filed the brief for respondent.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

DE MUNIZ, P. J.

.

## DE MUNIZ, P. J.

Wife appeals from a dissolution of marriage judgment, assigning error to the amount and duration of the spousal support award, to the trial court's failure to award her any of the increase in value of husband's assets that occurred during the marriage, and to both the amount of the attorney fees and the court's failure to follow the procedure of ORCP 68 in setting that amount. On *de novo* review, we affirm the court's award of spousal support and its property division. We write only to address the attorney fee issue.

Wife argues that the trial court erred in failing to follow the procedure of ORCP 68 in making an attorney fee determination. At trial, wife's counsel requested that attorney fees be established under ORCP 68. In its memorandum opinion, the court awarded wife $2,500 for attorney fees, stating:

> "It is appropriate for [husband] to pay a portion of [wife's] attorney fees because of the disparity in income between the parties and [husband's] failure to voluntarily provide even minimal support or financial assistance for [wife] during the pendency of these proceedings. [Wife] is awarded a judgment against [husband] for $2,500."

Wife filed a motion for reconsideration, requesting that she be allowed to submit an ORCP 68 affidavit in support of her request for attorney fees. The trial court denied the motion, stating:

> "Prior to issuing the Memorandum Opinion, I considered all of the issues raised in [wife's] Motion for Reconsideration, and was fully cognizant of the facts pointed out by counsel. It was not my intent that [husband] be required to pay more than $2,500 of [wife's] attorney fees."

Final judgment was entered one month later, and this appeal followed.

Although we review an award or denial of attorney fees for abuse of discretion, ORS 20.075(3), whether the trial court erred in failing to follow the procedure of ORCP 68 is a question of law. Under *Haguewood and Haguewood*, 292 Or 197, 213, 638 P2d 1135 (1981), the award of attorney fees in a

dissolution proceeding is considered to be a component of the overall decree, taking into account the financial resources of the parties, the property division, and the support orders, if any. It is apparent from the trial court's initial memorandum that it correctly considered these factors in making its attorney fee award. To the extent that the trial court intended to award fees as a component of the overall judgment, it did not err. However, the trial court did err in refusing to follow the procedure of ORCP 68 by refusing to allow wife to submit an ORCP 68 affidavit before entering the final judgment.

ORCP 68 C(1) states:

"Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees[.]"

Section C(4) states that the procedure for seeking attorney fees or costs and disbursements "shall be as follows": a party seeking fees "shall" file an affidavit with the court, serve it on the opposing party, and, if there are objections, a hearing "shall" be held and the parties "shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issue." ORCP 68 C(4).

In *Pointe West Apts v. Anderson*, 145 Or App 596, 931 P2d 100 (1997), the defendants prevailed at trial and were awarded $120 in attorney fees but were not allowed to submit a cost bill or attorney fee statement under ORCP 68. We reversed and remanded, stating:

"Defendants are entitled, as a matter of law, to follow the procedure set forth in ORCP 68 C(4) and to file with the court a detailed statement setting forth the amount they claim for their attorney fees. The trial court is not bound to award what is claimed, but it may not deny them the right to make the claim and to have the court rule on it." *Id.* at 597 (citations omitted).

Here, too, wife is entitled, as a matter of law, to file her affidavit in accordance with the procedure outlined in ORCP 68 C(4). *See also Stringer v. Brandt*, 128 Or App 502, 510, 877 P2d 100, *rev allowed and withdrawn* 320 Or 109 (1994) (trial

court erred in awarding attorney fees to mother without following the requirements of ORCP 68).

Husband argues that wife had "the benefit of the substantial equivalent of an ORCP 68 C procedure." He points out that wife's motion for reconsideration was supported by an affidavit of wife's attorney listing her fees and costs. In denying that motion, the trial court made it clear that it had already considered everything contained in the memorandum and that it intended husband to pay only $2,500 of wife's total fees. Husband claims, based on the trial court's statements, that requesting an affidavit and conducting an ORCP 68 hearing would not have made any difference in the court's award.

On previous occasions, we have disregarded procedural defects when no party is prejudiced by them. In *State ex rel Roberts v. Bomareto Ent., Inc.*, 153 Or App 183, 956 P2d 254, *rev den* 327 Or 192 (1998), the plaintiff failed to serve the cost bill on third-party defendants in violation of ORCP 68 C(4)(a)(ii), but the defendants made no showing that they were prejudiced by that failure. We held that ORCP 12 B "require[d] us to disregard plaintiff's technical flaw in service" because there was no evidence that the defendants' substantial rights were adversely affected or that they were prejudiced by the defect. *Id.* at 189. However, there is a significant difference between a technical defect in service that does not prejudice the parties and elimination of the procedure of ORCP 68 altogether. The process outlined in ORCP 68 C(4) for seeking attorney fees is mandatory, as shown by the use of the word "shall." It guarantees that all parties will be able to present their positions to the court in a structured manner and have an opportunity to contest those of their opponents. It also guarantees that the party seeking attorney fees presents to the court some evidence of the legitimacy of its request before those fees are awarded in an actual judgment. Denial of this important process corrupts the system and infringes on the rights of each party. Here, wife was denied the right to present her claim for attorney fees within this structured context before the trial court finalized its decision as part of the judgment.

Finally, husband argues that ORCP 68 C(4) does not require a court to insist that attorney fees and objections to them be presented only in that manner if the court has sufficient information to make a decision regarding attorney fees in another way. That argument misses the point. The procedure mandated in ORCP 68 C(4) is a right of the parties, not just a convenience for the court. In *Pointe West Apts*, we said that the trial court may not deny a party *the right* to make a claim for attorney fees in accordance with ORCP 68 C(4) and to have the court rule on it. 145 Or App at 597. Here, wife is entitled to the procedure outlined in ORCP 68 C(4). Denial of that safeguard infringed on wife's substantial rights.[1]

Award of attorney fees reversed and remanded for further proceedings not inconsistent with this opinion; otherwise affirmed.

---

[1] In her brief, wife requests that we "simply modify the attorney fee judgment upward to an appropriate level." However, as husband's counsel pointed out in oral argument, that would deny *husband* the benefits of the ORCP 68 C(4) procedure.