Argued and submitted November 16, 2000, judgment for attorney fees reversed
and remanded for further proceedings in accordance with ORCP 68; otherwise
affirmed January 24, 2000

## In the Matter of the Marriage of

### Donald T. YOUNG,
*Respondent,*

*and*

### Procserpina Y. YOUNG,
*Appellant.*

## (96-3365 D1; CA A106365)

17 P3d 577

Ralph A. Bradley argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Haselton, Presiding Judge, and Wollheim and Brewer, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Mother appeals, assigning error to, *inter alia*, the trial court's entry of a judgment for attorney fees as a remedial sanction in a contempt proceeding. Mother contends that the court erred in awarding fees without allowing her the 14 days permitted by ORCP 68 to respond to father's statement of attorney fees. We reverse the judgment for attorney fees and remand for proceedings in accordance with ORCP 68 C(4)(b), but otherwise affirm.

■ We note, at the outset, that mother challenges both the award of attorney fees and the underlying determination of contempt. However, none of mother's present challenges to the determination of contempt was raised and preserved below, and we reject them without further discussion. ORAP 5.45(2). Accordingly, the following analysis is limited to the propriety of the judgment for attorney fees.

On April 14, 1999, the trial court found mother in contempt of court and, as a remedial sanction, ordered that she "shall be liable for payment of attorney fees to be determined by the court pursuant to ORCP 68." On April 22, 1999, father's attorney filed with the court a "Statement of Petitioner's Attorney Fees" requesting an award of $1,885 in attorney fees and $156.72 in costs for a total of $2,041.72. The next day, on April 23, the trial court signed a "Money Judgment for Costs and Attorney Fees," directing that mother "shall be liable for payment of attorney fees for this cause of contempt" in the amounts specified in father's statement. That judgment was entered on April 26. On May 7, 1999, mother filed an affidavit opposing attorney fees.[1]

On appeal, mother argues that the trial court erred in awarding fees without first permitting her 14 days to respond to father's statement for fees, as provided in ORCP 68. We agree.

---

[1] Mother's objections were timely filed, because father served the statement for fees by mail, thus providing mother with an extra three days, in addition to the 14 permitted under ORCP 68, in which to file her objections. *See* ORCP 10 C.

■    UTCR 19.040 provides that the Oregon Rules of Civil Procedure are *generally* applicable to contempt proceedings for remedial sanctions in circuit court.[2] UTCR 19.050(5), in turn, provides that specified ORCP provisions, not including ORCP 68, do not apply to contempt proceedings.[3] Thus, ORCP 68 applies when attorney fees are imposed as a remedial sanction in a contempt proceeding.

Under ORCP 68 C(4)(a), a party seeking attorney fees is permitted 14 days from the entry of judgment to submit to the court a detailed statement of fees and is required to serve that statement on all parties. Under ORCP 68 C(4)(b), any party who wishes to object to that statement is given another 14 days, "after service" of the statement, to file and serve specific objections. If objections are filed, the trial court shall "hear and determine all issues of law and fact raised by the statement * * * and by the objections." ORCP 68 C(4)(c). *See also Whitlow and Whitlow*, 79 Or App 555, 559, 719 P2d 1308 (1986) ("If an objection to a cost statement is filed, then the court must hold an evidentiary hearing *before entering a judgment* allowing costs and disbursements.") (emphasis added).

■    Recently, in *O'Neal and O'Neal*, 158 Or App 431, 434, 974 P2d 785 (1999), we emphasized that the procedural requirements of ORCP 68 are mandatory and that failure to follow those procedures is prejudicial to the party deprived of the appropriate process. *Id*. at 435. We described that process as a guaranteeing that "all parties will be able to present their positions to the court in a structured manner and have an opportunity to contest those of their opponents. * * *

---

[2] UTCR 19.040 provides, in part:

"(1) * * * Except as otherwise provided in this chapter:

"(a) Oregon Rules of Civil Procedure (ORCP) and Oregon Rules of Appellate Procedure (ORAP) apply respectively to original and appellate contempt proceedings for remedial sanctions under ORS 33.055[.]"

[3] UTCR 19.050 provides, in part:

"Notwithstanding UTCR 19.040, in contempt proceedings for remedial sanctions:

"* * * * *

"(5) The following ORCP do not apply: 3, 5, 21 C, 21 D, 21 E, 23 A, 24 A, 24 B, 25 A, 32, 54 A(1), 54 E, 66, 73, 81 A, 81 C, 82 A(3), 84, and 85."

Denial of this important process corrupts the system and infringes on the rights of each party." *Id.* Accordingly, failure to follow the procedures of ORCP 68 affects a substantial right, and we may not disregard such a procedural defect under ORCP 12 B.[4] *Id.*

■ Here, the trial court awarded fees without affording mother the opportunity to respond to father's statement, as prescribed by ORCP 68 C(4)(b). Accordingly, the judgment for fees must be reversed and remanded for further proceedings. *See O'Neal*, 158 Or App at 436.

Judgment for attorney fees reversed and remanded for further proceedings in accordance with ORCP 68; otherwise affirmed.

---

[1] ORCP 12 B provides that courts "shall * * * disregard any error or defect in the * * * proceedings which does not affect the substantial rights of the adverse party."