Argued and submitted January 2, affirmed on appeal and cross-appeal
September 10, 2008

Glen KIRSCHENMAN
and Joann Kirschenman,
husband and wife,
*Plaintiffs-Respondents,
Cross-Appellants,*

*v.*

James D. ELIAS
and Laura Elias,
husband and wife,
dba A. A. Apex Construction,
*Defendants-Appellants,
Cross-Respondents.*

Benton County Circuit Court
0410176; A133798

193 P3d 60

Pamela S. Hediger argued the cause for appellants - cross-respondents. With her on the briefs was Evashevski, Elliott, Cihak & Hediger, P.C.

George B. Heilig argued the cause and filed the briefs for respondents - cross-appellants.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Plaintiffs filed an action against defendants for specific performance of a contract for the construction and sale of a residence. Both plaintiffs and defendants asserted claims against each other under the parties' contract. After a trial to the court, the court entered a general judgment that ordered specific performance of the contract and denied the other claims. The judgment further ordered that no party was awarded attorney fees or costs. Plaintiffs' counsel prepared the judgment, at the court's direction, and served it on defendants' counsel before the court signed and entered it. Notwithstanding the judgment provision denying the parties an award of attorney fees and costs, plaintiffs and defendants submitted post-judgment statements for attorney fees and costs and objections to the opposing parties' statements. The court took no action on the statements and objections. Defendants filed an appeal and plaintiffs filed a cross-appeal from the judgment. The parties raise a number of assignments of error, including an assignment on attorney fees. We reject without discussion all assignments of error except defendants' assignment on attorney fees. On that assignment, we affirm.

Under ORCP 68 C(4), parties have 14 days *after* the entry of a judgment in which to submit statements of attorney fees and costs and disbursements. If a timely statement is filed, the court "shall hear and determine all issues of law and fact raised by [a] statement of attorney fees or costs and disbursements and by the objections." ORCP 68 C(4)(c)(i). Further, if a general judgment has been entered *before* the statement and objections have been filed and the issues framed by them decided, then the court must enter its decision on those issues in a supplemental judgment. ORCP 68 C(5)(b); *Petersen v. Fielder*, 170 Or App 305, 309-10, 13 P3d 114 (2000).

Here, the court entered the general judgment denying an award of attorney fees and costs before the parties filed their attorney fee and cost statements and objections. The court's decision on attorney fees and costs was premature, because it preceded the parties' submission of attorney

fee and cost statements. *See* ORCP 68 C(4)(c)(i) (court to decide issues framed by attorney fee statements and objections); ORCP 68 C(5)(a) (denial of attorney fees shall be included in general judgment *if* all issues regarding that denial are decided before that judgment). However, no party objected before the court entered the judgment to the provision that denied an award of attorney fees and costs to the parties. Under those circumstances, we conclude that defendants failed to preserve their argument that the trial court erred in denying them an award of attorney fees. They did not tell the court before it entered a judgment that denied them an award of attorney fees that its decision on the issue was premature under ORCP 68 C(4) because it preceded the submission of their attorney fee statement. In the face of that judgment, and without otherwise presenting to the court an argument that its decision denying them an award of fees was erroneous, defendants' submission of an attorney fee statement after they had filed their appeal from the judgment was insufficient to preserve on appeal their contention that they were entitled to an award of attorney fees for prevailing on plaintiffs' second breach of contract claim.

Affirmed on appeal and cross-appeal.