Argued and submitted March 17, reversed December 7, 2011

Terry L. MEDEAN,
*Plaintiff-Appellant,*

*v.*

Jeremy MOELLER,
*Defendant-Respondent,*

*and*

TRAVELERS INDEMNITY COMPANY OF AMERICA,
a foreign corporation,
*Defendant.*

Multnomah County Circuit Court
060809075; A143446

268 P3d 623

Rick Klingbeil argued the cause and filed the briefs for appellant.

Douglas F. Foley argued the cause for respondent. With him on the brief were Vernon S. Finley and Douglas Foley & Associates, PLLC.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

ARMSTRONG, J.

### ARMSTRONG, J.

Plaintiff obtained a money judgment against defendant for personal injuries that plaintiff had sustained in an automobile accident. Before the court entered the judgment, defendant's liability insurer reimbursed plaintiff's insurer for the amount of personal injury protection (PIP) benefits provided by plaintiff's insurer to plaintiff. More than a year after the court entered the judgment, defendant's liability insurer sought a credit against plaintiff's judgment for the amount of the PIP reimbursement. The court granted the credit over plaintiff's objection that defendant's insurer was not entitled to it because the insurer had not sought the credit within 14 days of entry of the judgment, as required by ORS 31.555(3)(b). We agree with plaintiff that the court erred in granting the credit, and we accordingly reverse the court's order declaring that plaintiff's judgment has been satisfied.

Plaintiff suffered personal injuries as a result of an automobile accident with defendant for which plaintiff's insurer, Travelers Indemnity Company of America (Travelers), paid $8,413.15 in PIP benefits to plaintiff. Plaintiff subsequently brought an action against defendant, alleging that defendant had been negligent in a variety of respects and seeking $9,327.50 in economic damages and $40,000 in non-economic damages.[1] Shortly thereafter and unbeknownst to plaintiff, defendant's liability insurer, Allstate Indemnity Company (Allstate), reimbursed Travelers pursuant to ORS 742.534 for the PIP benefits that Travelers had paid to plaintiff.[2] After a jury trial, the court entered a judgment in

---

[1] Plaintiff filed the action against both Jeremy Moeller and Travelers; however, plaintiff settled with Travelers before trial. Therefore, throughout this opinion, "defendant" refers to Moeller only.

[2] ORS 742.534(1) provides, in part:

"[E]very authorized motor vehicle liability insurer whose insured is or would be held legally liable for damages for injuries sustained in a motor vehicle accident by a person for whom [PIP] benefits have been furnished by another such insurer, or for whom benefits have been furnished by an authorized health insurer, shall reimburse such other insurer for the benefits it has so furnished if it has requested such reimbursement, has not given notice as provided in ORS 742.536 that it elects recovery by lien in accordance with that section and is entitled to reimbursement under this section by the terms of its policy. Reimbursement under this subsection, together with the amount paid to injured persons by the liability insurer, shall not exceed the limits of the policy issued by the insurer."

plaintiff's favor on April 21, 2008, that included a total money award of $19,839—$9,327.50 in economic damages, $9,327.50 in noneconomic damages, and $1,184 in costs and fees.

Without asking the court to reduce the judgment by the amount of its prejudgment PIP reimbursement payment, Allstate sent plaintiff a check on May 15, 2008, for $11,425.85—the total money award less the $8,413.15 that Allstate had paid to reimburse Travelers for the PIP benefits—and indicated that the check "may or may not represent the amounts due and owing in this case" and that the parties still had to "work[ ] out the PIP issue." In June 2008, plaintiff demanded full payment of the judgment, *viz.*, the $8,413.15 that remained owing on it.

Defendant filed a motion under ORS 18.235 on May 11, 2009, for an order declaring that the judgment had been satisfied, arguing that, under ORS 31.555, the court was required to reduce the money award of $19,839 by Allstate's prejudgment PIP reimbursement to $11,425.85, which had already been paid to plaintiff.[3] Plaintiff retorted that the money award could not be reduced under ORS 31.555 because Allstate had failed to fulfill a requirement for such a reduction under that statute—*viz.*, Allstate had not filed its request to apply the PIP reimbursement payment to the judgment within 14 days of the entry of the judgment— and, therefore, the judgment had not been satisfied. The court granted defendant's motion over plaintiff's objection.

On appeal, plaintiff renews his argument that, because it was not timely filed, defendant's request to apply the PIP reimbursement payment to the judgment suffered from a fatal procedural flaw under ORS 31.555(3)(b). In response, defendant contends, among other things, that the procedure outlined in ORS 31.555(3)(b) is not the exclusive procedure by which an insurer can receive an offset for a prejudgment PIP reimbursement because of the use of the term

---

[3] ORS 18.235(1) provides:

"A judgment debtor * * * may move the court for an order declaring that a money award has been satisfied or for a determination of the amount necessary to satisfy the money award, when the person making the motion cannot otherwise obtain a satisfaction document from a judgment creditor."

"may" in that provision. Defendant argues, therefore, that his satisfaction motion was timely under ORS 18.235, which lacks a similar time constraint to that imposed by ORS 31.555(3)(b). Plaintiff has the better of the argument.

The legislature enacted ORS 31.555(2) to prevent an injured party from receiving a "double recovery" for his or her economic damages through a combination of prejudgment PIP benefits paid by a PIP insurer and payments made by a liability insurer to satisfy a money judgment obtained by the injured party against the party insured by the liability insurer. *See Dougherty v. Gelco Express Corp.*, 79 Or App 490, 495, 719 P2d 906 (1986) (discussing legislative policy underlying enactment of *former* ORS 18.510(2) (1985), *renumbered as* ORS 31.555(2) (2003)).[4] The statute provides that,

> "[i]f judgment is entered against a party who is insured under a policy of liability insurance against such judgment and in favor of a party who has received benefits that have been the basis for a reimbursement payment by such insurer under ORS 742.534, the amount of the judgment *shall* be reduced by reason of such benefits *in the manner provided* in subsection (3) of this section."

(Emphasis added.) The legislature's use of the emphasized language indicates that, if a liability insurer wants to have a judgment against its insured reduced by the amount that the insurer has paid in PIP reimbursements under ORS 742.534, then the insurer *must* follow the procedure outlined in ORS 31.555(3). ORS 31.555(3) provides, as relevant:

> "(b) The amount of any benefits referred to in [ORS 31.555(2)], diminished in proportion to the amount of negligence attributable to the party in favor of whom the judgment was entered and diminished to an amount no greater than the reimbursement payment made by the insurer under ORS 742.534, *may be submitted by the insurer which has made the reimbursement payment*, in the manner provided in ORCP 68 C(4) for the submission of disbursements.

---

[4] The text of *former* ORS 18.510(2) (1985) was retained *in toto*, except for updated numbering of ORS 742.534, when the statute was renumbered as ORS 31.555(2) and has not been amended since; therefore, the case law interpreting the former statute applies in this case.

"(c) Unless timely objections are filed as provided in ORCP 68 C(4), the court clerk shall apply the amounts claimed pursuant to this subsection in partial satisfaction of the judgment. Such partial satisfaction shall be allowed without regard to whether the party claiming the reduction is otherwise entitled to costs and disbursements in the action."

(Emphasis added.) Further, ORCP 68 C(4) requires, among other things, that a party seeking disbursements *must* file a statement of the amount sought "not later than 14 days after entry of judgment." ORCP 68 C(4)(a).

ORS 31.555(3)(b) incorporates the 14-day time limit of ORCP 68 C(4) as the applicable limit when a liability insurer wishes to reduce the amount of the money award in a judgment by its prejudgment PIP reimbursement payment. That time limit, and the other procedural requirements of ORCP 68 C(4), must be satisfied in order to recover amounts that are recoverable under ORCP 68. *See, e.g., Young and Young,* 172 Or App 108, 111, 17 P3d 577 (2001) ("[T]he procedural requirements of ORCP 68 are mandatory and * * * failure to follow those procedures is prejudicial to the party deprived of the appropriate process.").

We explained the appropriate operation of those statutes and their exclusivity in *Kessler v. Weigandt,* 68 Or App 180, 685 P2d 425 (1984), *aff'd,* 299 Or 38, 699 P2d 183 (1985). An insurer typically promises in a liability insurance policy to satisfy its insured's legal obligation to pay any money award resulting from an automobile accident; however, any claim brought by the injured party against the insured must be resolved by a judgment before the liability insurer must pay. Therefore, when a liability insurer makes a prejudgment PIP reimbursement payment to another insurer, it is not performing its promise to its insured under the insurance policy, but, rather, it is meeting its *own* legal obligation imposed by *former* ORS 743.825 (1983), *renumbered as* ORS 742.534 (1989), to reimburse the PIP insurer. Then, once the insured's legal obligation has been determined by a judgment, the liability insurer, by complying with ORS 31.555(2) and (3), "may use *its* [prejudgment] PIP reimbursement payment to reduce *its insured's* liability." *Kessler,* 68 Or App at 189 (emphasis added).

Because the prejudgment PIP reimbursement payment does not apply to the insured's legal obligation to pay the money award in a judgment except by operation of ORS 31.555(2), the liability insurer must use *that* provision to reduce the money award by the amount of the PIP reimbursement—and, thereby, receive through ORS 31.555(3)(c) partial satisfaction of the money award—before the insurer can obtain full satisfaction of the reduced money award under ORS 18.235 through payment of the balance of the judgment. Therefore, the insurer must comply with the procedure in ORS 31.555(3)(b), which incorporates the procedural requirements in ORCP 68 C(4), and that procedure is the exclusive means by which the insurer may offset its PIP reimbursement payment against the money award.

The statement in ORS 31.555(3)(b) that a request to apply a PIP reimbursement payment "*may* be submitted by the insurer which has made the reimbursement payment, in the manner provided in ORCP 68 C(4) for the submission of disbursements" (emphasis added), does not make the incorporation of the requirements in ORCP 68 C(4) equivocal, as defendant argues, but, rather, it merely reflects the reality that, for a variety of reasons, a liability insurer may decide not to pursue a reduction of the money award by the amount of the PIP reimbursement. Further, if we were to agree with defendant and, as a result, conclude that a liability insurer could move under ORS 18.235 for partial satisfaction of a judgment in the amount of its PIP reimbursement payment at any time without first seeking a reduction of the money award pursuant to ORS 31.555, we would thereby allow a liability insurer to eschew the procedure specified in ORS 31.555(3)(b) for such a reduction and render the 14-day time limit imposed in that provision meaningless.[5] We reject that conclusion.

Here, the judgment was entered on April 21, 2008, and defendant filed its request to reduce the judgment pursuant to ORS 31.555(2) on May 11, 2009. Because the request

---

[5] It also would require us to ignore the language in ORS 31.555(2) that provides that, for a liability insurer to obtain a reduction in a judgment for a PIP reimbursement payment made under ORS 742.534, the reduction "shall be [made] in the manner provided in [ORS 31.555(3)]."

was filed more than 14 days after entry of the judgment, defendant did not comply with the strictures of ORS 31.555(3)(b), and, therefore, the court erred in reducing the money award by the amount of Allstate's PIP reimbursement payment and in granting defendant's motion to satisfy plaintiff's judgment.

Reversed.