Argued and submitted March 1, 2016, affirmed April 26, 2017

Rayaheen ALSAEDI,
*Plaintiff-Appellant,*

*v.*

Roger CONROY,
Basant Chhetri, and
Gaspar Esteban Miguel,
*Defendants-Respondents.*

Multnomah County Circuit Court
140404987; A159011

395 P3d 956

Willard E. Merkel argued the cause for appellant. With him on the briefs was Merkel & Associates.

Thomas M. Christ argued the cause for respondent. With him on the brief was Cosgrave Vergeer Kester LLP.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## TOOKEY, J.

Plaintiff appeals a judgment awarding her damages for property damage caused by defendants, assigning error to the trial court's denial of her exception for attorney fees under ORS 20.080. For the reasons that follow, we affirm.

We review attorney fee awards under ORS 20.080 for errors of law. *Johnson v. Swaim*, 343 Or 423, 427, 172 P3d 645 (2007). On January 18, 2014, plaintiff's car was struck in rapid succession by each of the three defendants' cars. On January 28, 2014, defendant Chhetri's insurer, Travelers, issued an estimate of the cost to repair plaintiff's car. On February 26, 2014, plaintiff's attorney sent a demand letter to defendant Conroy and his insurer, Safeco. The letter stated:

> "Demand is made for payment of $10,000 in damages that resulted from the collision of January 18, 2014[,] caused by [defendant Conroy]. Please forward payment during the next 30 days. Please consider this to be a 30[-]day pre-suit notice issued pursuant to ORS 20.080."

Shortly thereafter, plaintiff's attorney sent identical demand letters to defendants Gaspar and Chhetri and their insurers, State Farm and Travelers.

Plaintiff subsequently filed a complaint against defendants for the property damage to her car. The trial court referred the case to mandatory arbitration. On December 10, 2014, the arbitrator ruled in plaintiff's favor, finding defendants liable and awarding plaintiff damages. Plaintiff then petitioned for attorney fees, arguing that she was entitled to recover those fees pursuant to ORS 20.080.[1] Plaintiff's attorney fee petition included an affidavit by plaintiff's counsel, averring that plaintiff made a demand

---

[1] ORS 20.080(1) provides, in pertinent part:

"In any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $10,000 or less, and the plaintiff prevails in the action, there shall be taxed and allowed to the plaintiff, at trial and on appeal, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that written demand for the payment of such claim was made on the defendant, and on the defendant's insurer, if known to the plaintiff, not less than 30 days before the commencement of the action or the filing of a formal complaint * * *."

on defendants and that the attorney fees of plaintiff's counsel were reasonable; plaintiff attached the demand letters to the petition. Defendants objected to the award of attorney fees, contending that plaintiff's demand was insufficient under ORS 20.080(3), and as a result, plaintiff was not entitled to attorney fees.

On January 26, 2015, the arbitrator filed its decision and award with the court; the award provided plaintiff damages for her property damage and costs, but denied plaintiff's request for attorney fees. Plaintiff filed an exception pursuant to ORS 36.425(6)[2] to the arbitrator's denial of attorney fees, which defendants opposed. Following a hearing, the trial court denied plaintiff's exception. The trial court then entered a general judgment and money award against defendants for the amount of plaintiff's property damage and costs.

On appeal, plaintiff reprises her argument that she was entitled to attorney fees pursuant to ORS 20.080. Plaintiff contends that the demand letter that she sent to defendants included plaintiff's opinion of the value of the car, and therefore satisfied the requirements of ORS 20.080(3). Plaintiff asserts that an expert appraisal as to the car's value was not "reasonably available" because defendants possessed plaintiff's car, ORS 20.080 does not require plaintiff to hire a third party appraiser, and defendants could have appraised the car themselves.

In response, defendants argue that plaintiff's demand was insufficient to satisfy the requirements of ORS 20.080(3). Defendants contend that during the arbitration proceedings, plaintiff did not argue that the demand for payment was her own estimate of the car's preaccident value. Even if plaintiff

---

[2] ORS 36.425(6) provides, in part:

"Within seven days after the filing of [an arbitrator's decision and award], a party may file with the court and serve on the other parties to the arbitration written exceptions directed solely to the award or denial of attorney fees or costs. Exceptions under this subsection may be directed to the legal grounds for an award or denial of attorney fees or costs, or to the amount of the award. Any party opposing the exceptions must file a written response with the court and serve a copy of the response on the party filing the exceptions. * * * A judge of the court shall decide the issue and enter a decision on the award of attorney fees and costs."

had raised that argument before the arbitrator, defendants assert that the demand for $10,000 did not indicate that that amount constituted plaintiff's estimate of the property damage; rather, the demand just stated how much plaintiff wanted in payment for "unspecified damages." Defendants also contend that plaintiff's assertion that an appraisal was not reasonably available fails because plaintiff asserts that her car was totaled; consequently, defendants point out that plaintiff needed only to demonstrate the car's value before the accident, information plaintiff had available to her because plaintiff purchased the car less than a year before the accident.

ORS 20.080(1) provides for an award of reasonable attorney fees to a plaintiff in a tort action where the amount pleaded is $10,000 or less and where the plaintiff makes written demand for payment on the defendant and the defendant's insurer at least 30 days before commencement of the action.

> "A written demand for the payment of damages under this section must include the following information, *if the information is in the plaintiff's possession or reasonably available to the plaintiff at the time the demand is made:*
>
> "* * * * *
>
> "(b) In an action for damage to property, documentation of the repair of the property, a written estimate for the repair of the property or a written estimate of the difference in the value of the property before the damage and the value of the property after the damage."

ORS 20.080(3) (emphasis added). ORS 20.080(5) prohibits a plaintiff from recovering attorney fees under the statute if the plaintiff fails to comply with the statutory requirements of ORS 20.080(3). As we have explained in *Bedford v. Merety Monger Trust*, 251 Or App 778, 783, 286 P3d 912 (2012), "[t]he policy behind ORS 20.080 'is to encourage settlement of small claims, to prevent insurance companies and tortfeasors from refusing to pay just claims, and to discourage plaintiffs from inflating their claims.'" (Quoting *Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999).)

We conclude that plaintiff's demand failed to meet the requirements of ORS 20.080(3). Here, plaintiff maintained the burden of proving that, at the time she petitioned for an award of attorney fees, her demand letter either contained the information required under ORS 20.080 or that such information was not in her possession or reasonably available to her at the time the demand was made. On its face, the demand letter did not satisfy the requirements of ORS 20.080(3)(b); the letter demanded $10,000 without any supporting information specified in ORS 20.080(3)(b) to substantiate that claim. Such an unsubstantiated demand letter is in conflict with the statute's policy to encourage settlement of just claims and to discourage plaintiffs from inflating their claims.

Before the arbitrator on plaintiff's petition for attorney fees, plaintiff only submitted her demand letters and an affidavit by plaintiff's counsel averring that counsel's fees were reasonable and, accordingly, that an award of attorney fees should be made. Although Travelers had prepared an estimate for the cost of repairing plaintiff's car before plaintiff mailed her first demand letter, the record does not demonstrate that plaintiff presented evidence to the arbitrator that such documentation was not in her possession. Nor did plaintiff present evidence that the information required by ORS 20.080(3)(b) was not reasonably available to her at the time she made her demand on defendants.[3]

In her response to defendants' objections to her petition for attorney fees, plaintiff stated that it was defendants' burden to prove that she possessed the required information at the time she made her demand, stating:

---

[3] We note that ORS 20.080(4) provides:

"If after making a demand under this section, and before commencing an action, a plaintiff acquires any additional information described in subsection (3) of this section that was not provided with the demand, the plaintiff must provide that information to the defendant, and to the defendant's insurer, if known to the plaintiff, as soon as possible after the information becomes available to the plaintiff."

Here, plaintiff sent her first demand letter on February 26, 2014. Plaintiff filed her complaint on April 21, 2014. As a result, after plaintiff made her demand, she had almost two months to provide defendants with any information she subsequently acquired as described in ORS 20.080(4), which did not occur in this case.

"None of Defendants have offered any evidence that Plaintiff possessed an estimate at the time that she made her demand or that a written estimate was reasonably available to Plaintiff. Defendants have the burden of proof on this issue and the failure to offer evidence is fatal to their objections."

Plaintiff's assertion that it was not her burden to demonstrate compliance with ORS 20.080(3) is contrary to ORS 20.080(5), which prohibits a plaintiff from recovering attorney fees if the plaintiff does not comply with the requirements of ORS 20.080(3). Accordingly, it was plaintiff's burden to demonstrate compliance with the statute in order for her to recover attorney fees and, as noted, plaintiff failed to do so. For those reasons, we conclude that plaintiff failed to satisfy ORS 20.080(3), and, as a result, the trial court did not err in denying plaintiff's exception to the denial of attorney fees.

Affirmed.