Argued and submitted April 20; attorney fee award vacated and remanded, otherwise affirmed May 24, 2017

In the Matter of the Marriage of

John N. HOFFMAN,
*Petitioner-Respondent,*

*and*

Marlee Ravenscroft HOFFMAN,
*Respondent-Appellant.*

Marion County Circuit Court
14DR09031; A161234

397 P3d 595

James D. Van Ness argued the cause and filed the brief for appellant.

George W. Kelly argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## ORTEGA, P. J.

Wife appeals from a dissolution of marriage judgment, assigning error to the trial court's custody and spousal support determinations, as well as the court's award of attorney fees to husband. We affirm the custody and spousal support awards without further discussion. We write only to address the attorney fee issue, and vacate and remand.

The relevant facts are mostly procedural in nature. Husband filed a petition for dissolution, indicating that wife should be required to pay his attorney fees only if the matter was contested. It was. In his trial memorandum, husband then asked the court to award reasonable attorney fees "pursuant to ORCP 68" because wife had failed to cooperate in the discovery process and in resolving a tax matter. Section C(4) of ORCP 68 states that the procedure for seeking attorney fees or costs and disbursements

> "'shall be as follows': a party seeking fees 'shall' file an affidavit with the court, serve it on the opposing party, and, if there are objections, a hearing 'shall' be held and the parties 'shall be given a reasonable opportunity to present evidence and affidavits relevant to any factual issue.'"

*O'Neal and O'Neal*, 158 Or App 431, 434, 974 P2d 785 (1999) (quoting ORCP 68 C(4)).

At trial, while testifying about certain line items, husband testified that he was required to hire out-of-state attorneys to compel discovery from wife in an effort to obtain financial information regarding her various business interests in Arizona. Wife objected to that testimony, contending that it was irrelevant to the dissolution proceedings and "would be more appropriately dealt with in an ORCP 68 proceeding." Husband indicated that the information was relevant in order for the court to make a preliminary determination about whether it would award attorney fees. The trial court allowed husband to "quickly" testify on the matter, and husband stated that he had spent over $20,000 in attorney fees. During cross-examination, husband once again testified that he hired and paid $23,000 to attorneys to issue subpoenas.

Following the trial, the court issued its findings in a letter opinion dated December 21, 2015.[1] The court found, in part, that husband had "incurred unnecessary fees when he was required to hire attorneys in Arizona to attempt to obtain appropriate valuation of Wife's trust assets." It then ordered wife to pay husband $23,000 in attorney fees, to be offset by the equalizing judgment owed by husband to wife. That order was memorialized in the general judgment of dissolution entered on December 23, 2015.

On appeal, wife challenges the court's award of attorney fees, arguing that the court failed to identify the basis for the award. She notes that "[n]o documentary evidence was received, nor was a precise explanation elicited as to why incurring [the] fees was somehow Wife's fault." Wife argues that, under ORS 20.075, the court had to identify the relevant facts and legal criteria supporting the award of fees but failed to do so.[2]

Husband counters that wife failed to preserve her objection to the award. That argument is primarily based on the fact that wife did not object or call attention to the issue after the court issued its letter opinion. We reject that argument from the outset. It is true that, to preserve an error for appellate review, we have previously required that a party object or bring an alleged error to the court's attention where the error was apparent in a letter opinion issued prior to the judgment being entered. *See, e.g., Mitchell and Mitchell,* 271 Or App 800, 808, 353 P3d 28 (2015) (an issue was not preserved where, "in the time after the first letter opinion had been issued, but before the court had entered a general judgment, husband did not bring the purported error to the court's attention"). However, based on the record before us, we cannot conclude that wife had a practical opportunity

---

[1] We note that both parties assume, incorrectly, that the letter opinion was issued on November 25, 2015, based on what appears to be an internal reference to that date in the letter. However, after reviewing the record, there is no indication that the letter opinion was indeed issued on November 25. The letter is dated December 21 and was entered into the court's records system on that date.

[2] ORS 20.075(1) lists the factors that a court must consider in determining whether to award attorney fees, which include the conduct of the parties and the objective reasonableness of the parties during the proceedings. ORS 20.075(2), in turn, lists additional factors that a court must consider in determining the amount of fees to award.

to object in this case, considering the short amount of time (only two days) between the date of the letter opinion and the entry of judgment. The record does not indicate how the letter opinion was sent, when wife received it, or what time or process—if any—the court and parties contemplated for entry of judgment following the letter opinion. Because we cannot conclude that wife had a practical opportunity to object, the preservation requirement does not apply. *See Walker v. State of Oregon*, 256 Or App 697, 699, 302 P3d 469, *rev den*, 354 Or 62 (2013) ("The dictates of preservation do not apply * * * where a party has no practical ability to object to the purported error before entry of judgment.").

Having established that the preservation requirement does not apply in this instance, we return to wife's contention that the court erred by failing to identify the facts and legal criteria supporting an award of attorney fees, reviewing for legal error. *O'Neal*, 158 Or App at 433 ("Although we review an award * * * of attorney fees for abuse of discretion, ORS 20.075(3), whether the trial court erred in failing to follow the procedure of ORCP 68 is a question of law."). On that point, husband counters that, "as a matter of procedure," the court's award is "less an ORCP 68/ORS 20.075 award than it is simply a part of the 'just and proper' division" that the court was required to make in the dissolution judgment. That is, husband contends that the issue is not whether the court complied with the requirements of ORCP 68 and ORS 20.075 but whether the attorney fee award, as part of the property division, was "just and proper."

We reject husband's claim that the attorney fee issue in this case concerns the "just and proper" division of property. We have previously stated that a court does not have the authority to award attorney fees as part of the property division. *Johnson and Price*, 280 Or App 71, 88, 380 P3d 983 (2016) (so stating). Rather, we have indicated that a court may award attorney fees as a part of the overall *dissolution judgment*, "taking into account the financial resources of the parties, the property division, and the support orders, if any." *O'Neal*, 158 Or App at 434; ORS 107.105(1)(j) (the court may provide for an award of attorney fees in a dissolution judgment). Nevertheless, our case law is clear that, even though a court may award fees as part of a dissolution judgment, it

cannot dispense with the procedural requirements outlined in ORCP 68. *O'Neal*, 158 Or App at 435 (noting that the process outlined in ORCP 68 is mandatory); *see also Young and Young*, 172 Or App 108, 111, 17 P3d 577 (2001) ("[T]he procedural requirements of ORCP 68 are mandatory and * * * failure to follow those procedures is prejudicial to the party deprived of the appropriate process."). Those requirements "guarantee[] that the party seeking attorney fees presents to the court some evidence of the legitimacy of its request before those fees are awarded in an actual judgment," and failure to comport with those requirements "corrupts the system and infringes on the rights of each party." *O'Neal*, 158 Or App at 435.

Thus, to determine whether the court erred in awarding attorney fees to husband, we look to ORCP 68, the rule that governs the pleadings and allowance of attorney fees, and ORS 20.075, the statute that outlines the factors that a court must consider in making such award. Although wife's challenge to the court's award is premised on the court's apparent failure to consider the factors set out in ORS 20.075, we must first determine whether the court met the procedural requirements of ORCP 68. *Cf. O'Neal*, 158 Or App at 436 (concluding that failure to comport with the necessary ORCP 68 procedures required a reversal of the attorney fee award, even where the court may otherwise have had sufficient information to award fees). In this case, it is evident that it did not, even though the parties appeared to have contemplated that the issue of attorney fees would be decided in the context of ORCP 68 proceedings. For instance, there is no indication that husband presented the court with the required statement detailing the amount of fees requested and addressing the applicable ORS 20.075 factors. ORCP 68 C(4)(a)(i) (a party seeking attorney fees must file "a signed and detailed statement of the amount of attorney fees or costs and disbursements that explains the application of any factors that ORS 20.075 * * * requires"). Accordingly, we vacate and remand the attorney fee award for further proceedings.

Attorney fee award vacated and remanded; otherwise affirmed.