Argued and submitted June 17, affirmed July 21, 2021

## SPRINGLEAF HOME EQUITY, INC.,
*Plaintiff-Appellant,*

*v.*

## Kenneth D. JONES
and all other persons or parties unknown
claiming any right, title, lien, or interest in
the real property commonly known as
805 Highway 20 NW, Toledo, OR 97391,
*Defendant-Respondent.*

Lincoln County Circuit Court
16CV18798; A172758

494 P3d 375

Plaintiff appeals a supplemental judgment for attorney fees awarded to defendant in a foreclosure action, challenging the award on both procedural and substantive grounds. Plaintiff first contends that it was error for the trial court to award fees by supplemental judgment after earlier stating in the general judgment that it was not awarding fees. Plaintiff also asserts that the court erred in failing to expressly identify the prevailing party. Finally, plaintiff challenges the amount of the fee award, arguing that the trial court did not sufficiently consider defendant's unreasonableness in settlement negotiations and that defendant's attorney's hourly rate was unreasonable. *Held*: With respect to plaintiff's unpreserved claims of procedural error, the trial court did not plainly err by ruling on defendant's fee request and entering a supplemental judgment, notwithstanding the statement in the general judgment, and the Court of Appeals declined to exercise its discretion to reverse any plain error in not expressly designating the prevailing party. As for the amount of fees awarded, the trial court did not abuse its discretion or otherwise commit reversible error in awarding the amount that it did.

Affirmed.

Jamese Lou Rhoades, Senior Judge.

John Thomas argued the cause and filed the briefs for appellant. Also on the opening brief was McCarthy & Holthus, LLP.

John Bowles argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Hadlock, Judge pro tempore.

AOYAGI, J.

Affirmed.

**AOYAGI, J.**

Plaintiff appeals a supplemental judgment for attorney fees. Plaintiff brought this foreclosure action in 2016. After dismissing the action without prejudice in 2019, the court awarded attorney fees to defendant. Plaintiff appeals, challenging the attorney fee award on both procedural and substantive grounds.

Procedurally, plaintiff contends that the trial court erred in awarding attorney fees, because, in its general judgment of dismissal entered April 9, 2019, the court stated, "No costs and fees are awarded to any party"—but defendant then proceeded to file a petition for fees under ORCP 68, which the trial court granted, as reflected in its supplemental judgment entered October 30, 2019. Plaintiff contends that it was error to award fees by supplemental judgment after denying fees in its general judgment.

We disagree. It was premature for the trial court to deny attorney fees in the general judgment, where defendant had pleaded a claim for attorney fees and was "'entitled, as a matter of law, to follow the procedure set forth in ORCP 68 C(4) and to file with the court a detailed statement setting forth the amount they claim for their attorney fees.'" *Jordan v. Voss*, 313 Or App 495, 496-97, 494 P3d 372 (2021) (quoting *Pointe West Apts. v. Anderson*, 145 Or App 596, 597, 931 P2d 100 (1997)). Indeed, both parties appear to have recognized as much, in that defendant proceeded to file a fee petition under ORCP 68, to which plaintiff responded on the merits and made no objection based on the general-judgment language. The trial court then effectively corrected its own error by entering a supplemental judgment on fees.[1] Under the circumstances, the trial court did not plainly err by ruling on defendant's fee petition, notwithstanding its premature statement in the general judgment, and then entering a supplemental judgment on fees. *See* ORAP 5.45(1) (allowing

---

[1] By contrast, in *Jordan*, also decided today, the defendants pleaded a right to attorney fees; the trial court dismissed the plaintiff's claim on the plaintiff's motion; the trial court prematurely denied attorney fees in the general judgment; and, rather than disregard that ruling and file a fee petition, the defendants appealed the general judgment, assigning error to the premature denial of fees. 313 Or App at 496. In that scenario, we reversed and remanded to allow the defendants to petition for fees under ORCP 68. *Id*. at 497.

discretionary plain-error review of unpreserved claims of error); *State v. Corkill*, 262 Or App 543, 551, 325 P3d 796, *rev den*, 355 Or 751 (2014) (limiting plain-error review to alleged errors of law that are "obvious, not reasonably in dispute," and appear on the record) (internal quotation marks omitted).

Plaintiff next argues that the trial court failed to properly identify the prevailing party before ruling on fees. Plaintiff's claim of error is again unpreserved. Although the somewhat unique posture of this case might have allowed plaintiff to contest that defendant was the prevailing party, plaintiff never raised that issue in the trial court. Moreover, it is implicit in the trial court's ruling that it meant to designate defendant as the prevailing party. Even if the court erred in not expressly designating a prevailing party, we decline here to provide relief on discretionary plain-error review.

Finally, plaintiff challenges the fee award on the merits. Plaintiff essentially argues that the trial court abused its discretion in awarding the amount that it did, because the court did not give sufficient consideration to defendant's alleged unreasonableness in settlement negotiations, *see* ORS 20.075(1)(f), and because defendant's attorney's hourly rate was unreasonable. After consideration of the record and the parties' arguments, we conclude that the trial court did not abuse its discretion or otherwise err in awarding the amount that it did. *See Friends of the Columbia Gorge v. Energy Facility Siting Council*, 367 Or 258, 267, 477 P3d 1191 (2020) (amount of attorney-fee award is ultimately reviewed for abuse of discretion); *Shumake v. Foshee*, 197 Or App 255, 261, 105 P3d 919 (2005) (recognizing, in context of a challenge to an enhanced prevailing-party fee, that a court's application of particular statutory factors may involve factual findings, such as a finding as to whether a party acted in bad faith, which we review for any evidence, or may involve legal conclusions, such as a conclusion as to whether a party's conduct was objectively reasonable, which we review for errors of law).

Affirmed.