Argued and submitted February 22, reversed and remanded July 21, 2021

Paula JORDAN,
*Plaintiff-Respondent,*
*v.*
Lundy VOSS,
Kristen Voss, and
all other occupants,
*Defendants-Appellants.*

Douglas County Circuit Court
20LT00142; A173519

494 P3d 372

Jason R. Thomas, Judge pro tempore.

Harry D. Ainsworth argued the cause and filed the brief for appellants.

Dan G. McKinney argued the cause for respondent. Also on the brief was DC Law.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In this residential FED action, landlord moved to dismiss her FED action against tenants. A hearing about the dismissal took place. The trial court did not announce anything about attorney fees. The judgment dismissing the action was entered that same day. In the judgment, the court denied an award of costs and attorney fees to any party. Although tenants had included in their pleadings an assertion of fee entitlement under ORS 90.255, they did not, after the judgment was entered, request attorney fees under the post-judgment procedures set out in ORCP 68. Tenants appeal the judgment, arguing that the trial court erred in denying an award of attorney fees without following the procedures specified in ORCP 68 for such an award and that the ruling by the court denying attorney fees in the judgment effectively prohibited them from applying for attorney fees under ORCP 68.

To begin with, an exception to the preservation requirement occurs when the claimed error "arose when the court issued its order or judgment, and not earlier." *State v. Selmer*, 231 Or App 31, 34, 217 P3d 1092 (2009), *rev den*, 347 Or 608 (2010). Here, the denial of attorney fees occurred in the judgment without the issue having been raised or discussed by the court or by the parties, beyond the request in the pleadings. That circumstance distinguishes this case from others on which landlord relies to assert that tenants failed to preserve the error claimed on appeal. *See, e.g.*, *McDougal v. Griffith*, 156 Or App 83, 87, 964 P2d 1135 (1998), *rev den*, 328 Or 330 (1999) (holding that a party must object when the court announces its intention before the intention is memorialized in the judgment); *Husted v. SCI Oregon Funeral Services, Inc.*, 209 Or App 45, 146 P3d 376 (2006) (merely concluding that an ORCP 68 cost bill was filed untimely from the date of the entered judgment). Tenants are excused from the preservation requirement.

Turning to the merits, we have said that,

"[w]ith exceptions that do not apply here, ORCP 68 C(1) provides that 'this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees.' *Defendants are entitled,*

> *as a matter of law, to follow the procedure set forth in ORCP 68 C(4) and to file with the court a detailed statement setting forth the amount they claim for their attorney fees. See* ORCP 68 C(4)(a)(i)."

*Pointe West Apts v. Anderson*, 145 Or App 596, 597, 931 P2d 100 (1997) (emphasis added); *see also O'Neal and O'Neal*, 158 Or App 431, 434, 974 P2d 785 (1999) (trial court erred in refusing to follow the procedure of ORCP 68 by refusing to allow wife to submit an ORCP 68 affidavit before entering the final judgment). Here, the trial court ruled on the award of attorney fees when it denied them in the judgment. The court erred in doing so because tenants were entitled to have that issue decided in accordance with the procedures specified in ORCP 68. Consequently, we reverse and remand the judgment to allow tenants to petition for attorney fees under ORCP 68.

Reversed and remanded.