Submitted February 9, reversed and remanded September 1, 2021

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# WHITNEY ASHTYN MARTIN,
aka Whitney A. Martin,
*Defendant-Appellant.*

## Jackson County Circuit Court
19CR15988; A171886

494 P3d 372

David J. Orr, Judge.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Stacy M. Du Clos, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher A. Perdue, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded.

## PER CURIAM

In this criminal appeal arising from denial of defendant's motion to suppress, defendant asks us to reverse her conviction for unlawful possession of methamphetamine, ORS 475.894(2)(a), and to remand to the trial court to allow her to withdraw her conditional no contest plea.

In defendant's only assignment of error, she argues that the trial court erred by denying her motion to suppress evidence obtained when police encountered her in her car. She specifically argues that the investigating officer unconstitutionally seized her when he, incorrectly, informed her that it was a violation of a city ordinance to sleep in her vehicle—after she had admitted to sleeping in her car in the parking lot. She is correct. "An officer stops a person when he or she communicates that he or she is conducting an investigation that could result in the person's citation or arrest at that time and place." *State v. Jackson*, 268 Or App 139, 145, 342 P3d 119 (2014) (internal quotation marks omitted). The record demonstrates that the officer's communication to defendant would have caused a reasonable person to believe that she was not free to "terminate the encounter." *State v. Backstrand*, 354 Or 392, 401, 313 P3d 1084 (2013); *see also State v. Ashbaugh*, 349 Or 297, 317, 244 P3d 360 (2010) (explaining factors that could reasonably be construed as "threatening or coercive" shows-of-authority causing a reasonable person to believe that she is not free to terminate the encounter). That show-of-authority constituted a seizure. The officer did not, however, have reasonable suspicion to believe that defendant violated the law because the city ordinance to which he referred applied only to persons sleeping in cars on publicly owned property; defendant was in a Walmart parking lot, which the parties agree was not publicly owned. The officer, thus, lacked reasonable suspicion to stop defendant and investigate her conduct. The stop was unlawful and, because the state has not shown that the evidence obtained as a result of that stop was not thereby tainted, the court erred in denying the motion to suppress that evidence. *Jackson*, 268 Or App at 151.

On remand, the trial court must allow defendant to withdraw her plea of no contest.

Reversed and remanded.