142                January 4, 2024                No. 15

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of

Rebecca Ruth PINKERTON,
aka Rebecca R. Pinkerton,
aka Rebecca Ruth Yvonne Pinkerton,
aka Rebecca Ruth Yvonne,
*Plaintiff-Respondent,*
*and*

Brandon David PINKERTON,
aka Brandon D. Pinkerton,
*Defendant-Appellant.*

Jackson County Circuit Court
22CN05623; A180820

David J. Orr, Judge.

Submitted November 16, 2023.

Melisa A. Button and Hornecker Cowling, LLP, filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, and Lagesen, Chief Judge, and Kamins, Judge.

KAMINS, J.

Supplemental judgment awarding costs to plaintiff reversed.

**KAMINS, J.**

Defendant appeals from a supplemental judgment awarding costs to plaintiff arising out of a contempt proceeding. Defendant assigns one error, arguing that the trial court erred in awarding costs and disbursements to plaintiff, because she was not the prevailing party. We reverse.

Plaintiff brought two contempt proceedings against defendant for failure to pay for certain child-related expenses, as required by the parties' dissolution judgment. The trial court consolidated the cases and, at a hearing, advised defendant that if he paid the $1,526.34 owed to plaintiff within 30 days, the court would dismiss the contempt proceedings. Defendant complied, and the court dismissed the actions. After dismissing the contempt proceedings, and thereby ruling in favor of defendant, the trial court entered a supplemental judgment awarding costs to plaintiff. Defendant argues that because he was the prevailing party in all of the claims asserted, the "trial court had no authority to award costs and disbursements" to plaintiff.

Reviewing for legal error, we agree. *See Hoffman and Hoffman*, 285 Or App 675, 678, 397 P3d 595 (2017) (explaining "whether the trial court erred in failing to follow the procedure of ORCP 68 is a question of law" (internal quotation marks omitted)). ORCP 68(B) provides that "costs and disbursements shall be allowed to the prevailing party" unless an exception applies. In this case, the trial court did not find defendant in contempt, despite apparently agreeing with plaintiff and ordering much of the requested relief. Because the trial court opted to dismiss the action without entering a contempt finding, however, plaintiff was not the prevailing party. Accordingly, plaintiff is unable to recover her costs.[1]

Supplemental judgment awarding costs to plaintiff reversed.

---

[1] At the trial court, plaintiff relied on ORS 107.105(1)(j) as one source of authority to recover costs. ORS 107.105(1)(j) provides that in "a judgment of marital annulment, dissolution or separation," a court may award "reasonable attorney fees and costs and expenses *** in favor of a party or in favor of a party's attorney." However, that statute does not apply to supplemental judgments that are outside of those proceedings. *See Berry and Huffman*, 247 Or App 651, 664, 271 P3d 128 (2012) (concluding that when a "supplemental judgment is not" a judgment of martial annulment, dissolution or separation, ORS 107.105(1)(j) is inapplicable).