238 July 30, 2025 No. 673

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Steven TILLEY
and Michele Tilley,
*Plaintiffs-Appellants,*

*v.*

Nile DIMITRY,
trustee of the Dimitry Family Living Trust dated
January 30, 2017,
*Defendant-Respondent.*

Douglas County Circuit Court
23CV41311; A185462

George William Ambrosini, Judge.

Submitted June 9, 2025.

Jason M. Montgomery and Dole Coalwell filed the brief for appellants.

No appearance by respondent.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Reversed and remanded.

**AOYAGI, P. J.**

Plaintiffs brought this action against defendant for ejectment and trespass, alleging title by adverse possession to a four-foot-wide strip of land along the deeded property line. Trial was held on August 6, 2024. The trial court announced its verdict at the conclusion of the evidence, finding in plaintiffs' favor on both claims and awarding $1,200 in damages. The court then stated, without prompting, that it would not award attorney fees to plaintiffs because their pretrial demand letter was not received into evidence at trial. Plaintiffs asked the court to reopen the record to admit the letter (which had been marked as an exhibit and discussed during trial but not actually admitted), and the court denied that request. Three days later, on August 9, 2024, plaintiffs filed a written motion for reconsideration of the denial of attorney fees, objecting that the court's ruling was premature and that the demand letter had not needed to come into evidence at trial. The court denied reconsideration and entered a general judgment on September 3, 2024, that included an express denial of attorney fees.

Plaintiffs appeal the general judgment, assigning error to the denial of attorney fees as premature and procedurally improper. Defendant has not appeared on appeal. Given the nature of the issue presented, our review is for errors of law. *See Johnson v. Swaim*, 343 Or 423, 427, 172 P3d 645 (2007) ("This court reviews attorney fee awards under ORS 20.080 for errors of law."); *O'Neal and O'Neal*, 158 Or App 431, 433, 974 P2d 785 (1999) ("[W]hether the trial court erred in failing to follow the procedure of ORCP 68 is a question of law."). We agree with plaintiffs that the trial court erred in denying fees on the basis that it did and, accordingly, reverse and remand.

As an initial matter, we agree with plaintiffs that they adequately preserved their claim of error under the circumstances. Given the unexpected nature of the oral ruling on attorney fees, plaintiffs could not reasonably be expected to do more than they did in the moment, and plaintiffs quickly followed up with a written objection, to which defendant had an opportunity to respond, well before entry of the general judgment. *Cf. Kirschenman v. Elias*, 222 Or App 327,

329, 193 P3d 60 (2008) (concluding that a party did not adequately preserve a claim of error, where the trial court prematurely denied attorney fees, and the party failed to object *before* entry of the judgment denying fees). The purposes of preservation were served. *See State v. Clemente-Perez*, 357 Or 745, 752, 359 P3d 232 (2015) ("[T]he primary purposes of the preservation rule are to allow the trial court to consider a contention and correct any error, to allow the opposing party an opportunity to respond to a contention, and to foster a full development of the record.").

Turning to the merits, ORS 20.080(1) provides for a mandatory attorney fee award to the plaintiff "[i]n any action for damages for an injury or wrong to the person or property, or both, of another where the amount pleaded is $10,000 or less, and the plaintiff prevails in the action." To be entitled to such an award, the plaintiff must have made a written demand for payment at least 30 days before commencing the action, and the defendant must not have tendered before commencement of the action an amount equal to or greater than the damages actually awarded to the plaintiff. ORS 20.080(1).

Attorney fee awards under ORS 20.080 are subject to the procedures set forth in ORCP 68, which "govern[] the pleading, proof, and award of attorney fees in all cases, regardless of the source of the right to recover such fees," with three exceptions not applicable here. ORCP 68 C(1); *see* ORCP 68 C(1)(a) - (c) (exceptions when attorney fees are claimed as damages arising prior to the action, when attorney fees are granted by order instead of judgment, and when "a statute refers to this rule but provides for a procedure that varies from the procedure specified in this rule"). Under ORCP 68 C, a party has until 14 days after entry of the general judgment to file a fee petition.[1] *See* ORCP 68 C(4)(a)(i) (providing that

---

[1] Notwithstanding the denial of attorney fees in the general judgment, plaintiffs proceeded to file a fee statement within 14 days of the entry of the general judgment and attached a copy of their prefiling demand letter. *See Alsaedi v. Conroy*, 285 Or App 95, 97, 395 P3d 956 (2017) (noting that the plaintiff's prefiling demand letters were filed with the trial court as attachments to their fee petition). The trial court has never ruled on that fee petition. *Cf. Springleaf Home Equity, Inc. v. Jones*, 313 Or App 475, 477, 494 P3d 375 (2021) (noting that, where the trial court had prematurely denied attorney fees in the general judgment, but the prevailing party nonetheless filed a fee petition, at which point the trial court followed the ORCP 68 C procedures and issued a supplemental judgment awarding fees, the trial court had "effectively corrected its own error").

"[a] party seeking attorney fees or costs and disbursements shall, not later than 14 days after entry of a judgment" file and serve "a signed and detailed statement of the amount of attorney fees or costs and disbursements that explains the application of any factors that ORS 20.075 or any other statute or rule requires or permits the court to consider in awarding or denying attorney fees or costs and disbursements"). Then, the other side has 14 days to file objections, ORCP 68 C(4)(b); the party seeking fees has seven days to respond to any objections, ORCP 68 C(4)(c); the trial court is to hold a hearing if requested, ORCP 68 C(4)(e)(i); and the trial court determines all issues of law and fact as needed to deny or award attorney fees, ORCP 68 C(4)(e)(i) - (ii).

Under ORCP 68 C(4)(a), plaintiffs had until 14 days after entry of the general judgment to file a fee petition, and it is reasonable to infer that they had the same amount of time to file any supporting documentation. There is no need to resort to inference, however, because ORCP 68 C(3) expressly provides, "The items of attorney fees or costs and disbursements shall be submitted in the manner provided by subsection C(4) of this rule, *without proof being offered during the trial.*" (Emphasis added.)

We have explained that parties "are entitled, as a matter of law, to follow the procedure set forth in ORCP 68 C(4)." *Pointe West Apts v. Anderson*, 145 Or App 596, 597, 931 P2d 100 (1997); *see also O'Neal*, 158 Or App at 435 (noting that "[t]he process outlined in ORCP 68 C(4) for seeking attorney fees is mandatory" and that it serves important purposes, including providing a "structured" process for parties to present their positions and evidence). Here, the trial court failed to follow those procedures and instead prematurely denied attorney fees in the general judgment. *See Jordan v. Voss*, 313 Or App 495, 497, 494 P3d 372 (2021) (reversing a general judgment denying attorney fees in an FED action, "because tenants were entitled to have that issue decided in accordance with the procedures specified in ORCP 68"); *Kirschenman*, 222 Or App at 328-29 ("The court's decision on attorney fees and costs was premature, because it preceded the parties' submission of attorney fee and cost statements.").

Accordingly, we reverse and remand for the trial court to consider plaintiffs' fee petition in accordance with the procedures in ORCP 68 C. In doing so, we express no opinion on plaintiffs' entitlement to fees or the amount of fees. The only issue before us is whether the trial court erred in denying fees without following the procedures in ORCP 68 C, which, for the reasons explained, we conclude that it did.

Reversed and remanded.